# Campbell *v.* Gilbert.

### *Statutory Real Action in Nature of Ejectment.*

1. *Rule in constructing written instruments.*—The cardinal rule which must be observed in the construction of all written instruments, is to ascertain, if possible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done without violation of law. Greater latitude is allowed in constructing an instrument draughted by an illiterate, unskillful person, than one drawn by a person skilled in language and legal technicalities.

2. *Same; intention of parties carried out; construction of word "inclosing."*—The words "inclose" and "include" are of common derivation, and signify among other things, to "*confine within*"—hence a deed which says that certain lands of "section ten, township three, range twenty-one, *inclosing* the lands where the said mill and house now stands," &c., should be read as if it had said the mill and house were "*confined within*" the land, &c. Such signification must be adopted as give effect to the intention of the parties.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. H. D. CLAYTON.

[Campbell v. Gilbert.]

This was an action brought by Rebecca Gilbert, appellee, against one John Gleeson, for the recovery of possession of certain lands. The appellant, C. D. Campbell, made himself a party defendant, as the landlord of said Gleeson. The defendant, Campbell, introduced a deed from plaintiff, (appellee,) to himself, in order to show title to the premises in controversy, to-wit: "All that portion of certain lands (described) on which the mill-house and mill-pond are situated." The deed embraces this language: " . . and fore acres of the north-west fourth of the south-east fourth all of section ten township three range twenty-one inclosing the lands where the said C. D. Campbell's mill and house now stand." The question arose as to the construction of the word "*inclosing*" in the deed—the plaintiff admitting that if it was synonymous to *including*, she had no right to recover; but the court in effect ruled that said words were not synonymous, by refusing a charge asked by defendant stating that they were synonymous. The court then instructed the jury, at plaintiff's request, that if they believed the evidence, they must find for the plaintiff. Exceptions were reserved by defendant, who now assigns said rulings and charges as error.

J. E. P. FLOURNOY, for appellant.

W. D. ROBERTS, *contra.*

BRICKELL, C. J.:—1. The cardinal rule which must be observed in the construction of all written instruments, is to ascertain, if possible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done without violation of law. The character of the instrument must be regarded, as to whether it is formal and technical, bearing upon its face evidence of its having been prepared by a skillful draughtsman, or is inartificial, affording proof by the language in which it is couched, and the collocation of its sentences, that it was written by a person unskilled in legal technicalities, and probably unacquainted with the meaning and force of many expressions employed in it. Of such a deed, a much greater latitude of construction must be indulged, rather than a subjection of it to technical rules, and an adherence to the strictest meaning of its words.—*Hamner v. Smith*, 22 Ala. 438.

2. The deed from the plaintiff to the defendant bears in every line, unmistakeable evidence of the unskillfulness of

[Adler et al. v. Potter.]

the draughtsman, and an inartificial, imperfect use not only of technical phrases, but of words in popular use; and in its construction, the object of the parties, a conveyance by the grantor, to the grantee, of six acres of land which should embrace the mill and house, which is manifest, must be regarded, and if under a liberal construction of its words, that object can be accomplished, such a construction must be adopted, rather than a narrower construction which would defeat it. The whole point of dispute, is whether the word *inclosing,* in the description of the land surveyed, in the granting clause, is to be taken in the sense of *including;* or *embracing.* We state the question as it was presented by the parties to the Circuit Court. The sentence is in these words: "The following described lands, to-wit: two acres of the east half of the south-west quarter, and four acres of the north-west fourth of the south-east fourth, all in section ten, township three, range twenty-one, *inclosing,* the lands where the said C. D. Campbell's mill and house now stands," &c. *Inclose,* and *include,* are words of common derivation, and have several common significations, of which one is to *confine within.* Taking it in that signification, the deed should be read as if it had said the mill and house were *confined within* the six acres of land conveyed. That signification must be adopted, as it gives effect to the intention of the parties, and not a narrower one which would defeat it. If that is not the meaning of the word *inclosing,* it would be rejected as unmeaning. The Circuit Court ruled differently, and its judgment must be reversed and the cause remanded.