# Clark *v.* Knox.

## *Motion to Dismiss Appeal.*

1. *Parties to appeal.*—On appeal from a decree in chancery, if prosecuted by the complainants in the bill, all the defendants must be made appellees; and if prosecuted by any of the defendants, it must be in the names of all of them as appellants, and against the complainant as appellee; and there can be summons and severance in this court, according to the respective interests of the parties.

2. *Appeal bond; condition, and penalty.*—When an appeal is sued out by the complainant in the bill, from a decree which is not for the payment of an ascertained sum of money, if he wishes to supersede further proceedings, the penalty of the bond should be in such sum as will secure the payment of the probable amount recoverable under the decree, with the interest which may accrue pending the appeal, if the decree should be affirmed; and the condition should be (Code, § 3928) for the prosecution of the appeal to effect, payment of the judgment of this court, and all such damages as the defendants, or any or either of them, may sustain in consequence of the appeal.


APPEAL from the Chancery Court of Greene.

Motion to dismiss the appeal. The transcript has not come to the hands of the reporter, and he can not state the facts on which the motion is founded.

G. B. MOBLEY, and SNEDECOR & COCKRELL, for the motion.

BRICKELL, C. J.—The decree rendered on the original bill did not change the relation of the parties to the suit. An appeal prosecuted by the complainant, from the decree, must be prosecuted against all the defendants to the bill—they are

(26)

[Clark v. Knox.]

all necessary and proper parties appellee. An appeal, prosecuted by any of the defendants, must be prosecuted in the name of all the defendants, and against the complainant as sole appellee. The appellants can join, or sever, or refuse to take any part in the assignment of errors. The decree not being for the payment of an ascertained sum of money by the complainant, if he wishes to supersede further proceedings, the penalty of the appeal bond should be in such sum as will secure the payment of the probable amount recoverable under the decree, with the interest which may accrue pending the appeal, if the decree should be affirmed. The condition of the bond should be, for the prosecution of the appeal to effect, payment of the judgment of this court, and all such damages as the appellees, or either, or any of them, may sustain in consequence of the appeal.—Code of 1876, § 3928 ; *Hughes v. Hatchett*, 55 Ala. 539.

The appeal by the complainant must be amended, to conform to this view ; and he may, within thirty days, execute a new appeal bond, with the penalty fixed as above indicated, and the proper condition, if he desires a suspension of further proceedings under the decree, or a suretyship for costs, if that is not desired. The bond may be here executed, or it may be taken and approved by the register of the Chancery Court, and certified to this court.

The appeal taken by Thomas W. Coleman, as administrator *ad litem* of Samuel A. Wilson, must be amended, making all the defendants, parties appellant, and the complainant sole appellee ; and any one of them may execute a new securityship for costs. There must be notice to, or an appearance for such of the defendants, as do not join in taking the appeal.

# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1880.