# Brewton, Adm'r, *v.* Watson.

## *Statutory Real Action.*

1. *Statute of uses; estates under may commence in futuro.*—In conveyances deriving their operation under the statute of uses, freehold estates may be made to commence in futuro; a fee may be limited on a fee, or an estate may be limited to take effect in abridgment or derogation of a preceding estate.

2. *Deed; instrument held not to be.*—An instrument which purports to be made in consideration that Mrs. W. will support Mrs. B. during the life of the latter, will pay her debts, and render certain other specified services for her, and bury her decently at her death, which is signed by both, and declares that on the performance of these conditions by Mrs. W. she shall have and be entitled at and after the death of Mrs. B., to all the property owned by Mrs. W., except certain furniture, "none of which is sold or contracted away by these articles of agreement," but which contains no words of grant or conveyance, is not a deed.

3. *Deed; words of granting or alienation necessary in.*—Formal and technical words are not necessary in a deed to lands, and when an intent is manifested that the estate shall pass, the words will, if possible, be construed so as to take effect, but there can be no valid or operative conveyance of lands without some words of grant or alienation.

4. *Ejectment; personal representative may recover in.*—When the legal title to land was in the intestate at the time of her death, the personal representative may recover in ejectment against one who holds possession of them under an agreement which entitles her, on performance of its conditions, to all the property owned by such intestate at the time of her death.

APPEAL from Calhoun Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was a statutory real action in the nature of ejectment, brought by C. W. Brewton as administrator *de bonis non* of the estate of Mrs. E. A. Browning, deceased, against Mrs. Susan C. Watson, Robert Adams, and Clark A. Ledbetter, to recover a tract of land in Calhoun county, Alabama. The suit was begun on November 2, 1875, and on the trial it was proved that Mrs. E. A. Browning had been in possession of the lands sued for for thirty-five years, cultivating and exercising acts of ownership over it during all that time; that Mrs. Browning died in 1873. It was admitted that M. J. Turnley had been duly appointed administrator of the estate of Mrs. Browning by the Probate Court of Calhoun county; that he had resigned, and that Caleb W. Brewton had been appointed administrator *de bonis non* on said estate. The defendant having first proved its execution, offered in evidence the following instrument, viz.: "Articles of agreement made and entered into by and between E. A. Browning of the

county of Calhoun and State of Alabama, of the first part, and S. C. Watson of the county of McDuffie, late Columbia, and State of Georgia, of the second part—witnesseth, that in consideration that the said S. C. Watson will remove from her present residence in Georgia, with her four children, and live in the dwelling house with the said E. A. Browning, in said county of Calhoun, and take the general superintendence of the farm and business of the said Browning, and will provide for and keep the said E. A. Browning, as to board and maintenance, and clothing, in a decent, comfortable manner suitable to her age, health and condition in life, and appropriate the proceeds of the said farm, all over what is necessarily consumed annually, to the payment of four several notes held by one M. J. Turnley against said E. A. Browning, amounting to about four hundred dollars, and any other debts that said Browning may owe, and treat said E. A. Browning kindly, and cause her children to do the same, the said E. A. Browning agrees that the said Susan C. Watson shall live with her said family with the said E. A. Browning in her dwelling, and shall have the general oversight and the management of said farm and business of said E. A. Browning, including her stock, and shall be entitled to appropriate the rents, profits and income of said farm and increase of the stock on hand, after supporting said Browning as herein provided for, and making such repairs upon the said farm and dwelling as may be necessary to the proper use and benefit of the said S. C. Watson; and the said Watson, upon the faithful performance of her part of this contract, shall have and be entitled to, at and after the death of E. A. Browning, all the property, both real and personal, now owned by said E. A. Browning, with the income and increase thereof, excepting the household furniture belonging to her, none of which is sold or contracted away by the articles of agreement. It is further agreed that at the death of said E. A. Browning, the said Watson shall give the said E. A. Browning a decent burial, suitable to her circumstances and condition in life, and the custom of the country at the time. And the said E. A. Browning also agrees to treat the said S. C. Watson and her children at all times with respect and kindness, suitable to their age and condition. In testimony," &c.

This instrument was signed in duplicate by E. A. Browning and Susan C. Watson. When the defendant offered to read this instrument to the jury the plaintiff objected, because: 1. It did not vest the legal title in the defendant; 2. Said instrument is not a deed to the land sued for. These objections were overruled and the plaintiff excepted. The

defendant then introduced several witnesses to prove the performance of the conditions in the agreement, to which plaintiff objected, because this proof was irrelevant and did not tend to show title in the lands. These objections were overruled and plaintiff excepted. The court charged the jury: "If the jury believe from the evidence that the instrument of writing that is in duplicate was executed by Mrs. E. A. Browning and Mrs. S. C. Watson, and one duplicate was delivered to Mrs. Watson, this instrument is a deed, and divested the title to the land in controversy out of Mrs. Browning, and invested title in Mrs. Watson, and the jury should find for the defendant." Plaintiff excepted to this charge. 2. The jury have nothing to do with any question or enquiry as to whether or not Mrs. Watson complied with or performed any stipulations or provisions contained in said instrument of writing in duplicate parts of the date of June 10, 1871, as the performance or failure to perform the stipulation contained in said instrument does not have any effect or influence on the title of the lands in controversy or the title of Mrs. Watson to the lands. To this charge the plaintiff excepted. There was a verdict for the defendants.

The giving of these charges, and the ruling of the court on the admission of evidence, as shown above, is assigned as error.

JOHN T. HEFLIN, for appellant.—The writing between Mrs. Browning and Mrs. Watson did not vest in the latter the title to the lands. At her death Mrs. B. held the legal title, and her administrator must recover in ejectment. The court erred in permitting the paper to go to the jury.—*McPherson v. Walters*, 16 Ala. 714; *Smith v. Munday*, 18 Ala. 185; *Bean v. Welser*, 17 Ala. 370; *Settles v. Hays*, 17 Ala. 749. This instrument shows that it was not intended as a deed, for a material stipulation—that of sepulture—is to be performed after the death of Mrs. Browning, and its operative words expressly provide that Mrs. Watson is to own the property on the faithful performance of her part of the contract, and this ownership is to attach after the death of Mrs. Browning. The parties to the instrument call it "articles of agreement," "a contract," and the instrument shows that it was not intended as a deed. At most Mrs. Watson could only go into equity, and on proof of the performance of the conditions in the agreement, establish title by the decree of the Chancery Court. She can not set up this equity to defeat an action of ejectment brought on the legal title.—*Nichols v. Harkins*, 58 Ala. 619. This instrument is only a will.—*Shepherd v. Nabors*, 6 Ala. 631; *Thompson v. Johnson*, 19 Ala. 59; *Walker*

[Brewton, Adm'r, v. Watson.]

*v. Jones,* 23 Ala. 448; *Gilham v. Martin,* 42 Ala. 365; 42 Ala. 389; 13 Ala. 731. The court erred in the charges given.

WATTS & SONS, for appellee.—The instrument offered in evidence was a deed. It was signed, sealed and delivered in the life-time of Mrs. Browning, is on a valuable consideration, and conveys a present interest to Mrs. Watson.— *Wilks v. Greer,* 14 Ala. 437; *Summerlin v. Gibson,* 15 Ala. 406; *Thompson v. Johnson,* 19 Ala. 59; *Golding v. Golding,* 24 Ala. 122; 42 Ala. 589; 42 Ala. 365; *Gregory v. Walker,* 38 Ala. 26. There can be no reasonable doubt that it was the intention of Mrs. Browning, as is shown by the written instrument, to convey to Mrs. Watson the fee in the land subject to the conditions expressed therein. The words, though not technical, are construed most strongly against the grantor, and are sufficient to carry the fee.—*Patterson v. Carneal,* 3 A. K. Mar. 613; *Folk v. Varn,* 9 Rich.; S. C. 303; *Gambil v. Doe,* 8 Black, 140; *Gordon v. Haywood,* 2 N. H. 402. The testimony of the witnesses as to the performance of the conditions of the contract by Mrs. Watson, was proper to show that she had complied with its obligations, even if the court committed error in admitting or rejecting evidence. It is clear that the administrator of Mrs. Browning's estate can not recover on the facts disclosed in this case.

BRICKELL, C. J.—The important question of the case, which alone we deem it necessary to consider, is as to the character and operation of the instrument under which the appellees deduced title to the premises in controversy. If, as is insisted, it is a deed deriving operation from the statute of uses, it is not an objection to its validity that the estate of the grantee was not to arise and vest until the death of the grantor. In conveyances deriving their operation from the statute of uses, freehold estates may be made to commence *in futuro;* a fee may be limited on a fee, or an estate may be limited to take effect in abridgment or derogation of a preceding estate.—2 Green. Cruise, 136; *Horton v. Sledge,* 29 Ala. 478; *Simmons v. Augustine,* 3 Port. 69.

But is the instrument a deed, or a mere agreement by which it is stipulated that in consideration of the performance of its covenants on her part, Mrs. Watson was entitled to the possession, rents and profits, of the premises during the life of Mrs. Browning, and on the death of the latter, was entitled, if the covenants had been performed, to title, not only to the premises, but to all other estate of Mrs. Browning, than her household furniture? The latter is manifestly the character of the instrument, and if it is not so construed,

[Brewton, Adm'r, v. Watson.]

the clearly expressed purposes of the parties could not be consummated. The instrument is styled *articles of agreement*, and purports to be made *in consideration* that Mrs. Watson will support and maintain Mrs. Browning during life, burying her decently at her death, performing other services for her, and would also pay the debts of Mrs. Browning, some of which are mentioned. It is signed by both parties, and is without a word of grant or conveyance. Taking the whole instrument together, the conclusion is irresistible that a covenant, upon the performance of which Mrs. Watson, during the life of Mrs. Browning, would be entitled to possession and to the rents and profits of the premises, and having performed, on the death of Mrs. Browning, should be entitled to the title, was intended, and not a grant or conveyance of the title to take effect *in futuro*. There can be no valid and operative conveyance of lands without some words of grant, or alienation. Formal, technical words, are not necessary; and when an intent that the estate shall pass is manifested, its words will, if possible, be so construed that it shall take effect. But the want of words cannot be supplied. The only words in the instrument which refer to the passing of title are, "and the said S. C. Watson, upon the faithful performance of her part of this contract, shall have and be entitled to, at and after the death of said E. A. Browning, all the property, both real and personal, now owned by the said E. A. Browning, with the income and increase thereof, excepting the household furniture belonging to her, none of which is sold or contracted away by these articles of agreement." These are words of covenant, of contract, not of conveyance.—*McKinney v. Settles*, 31 Mo. 541 ; *Chapman v. Glassell*, 13 Ala. 50 ; *Love v. Crook*, 27 Ala. 624 ; 3 Wash. Real Prop. 329.

The legal estate in the lands residing in the intestate of the appellant at the time of her death, entitles him to a recovery. If Mrs. Watson had fully performed the covenants of the instrument, in a court of equity she may compel a specific performance, obtaining the legal estate.

It is not necessary to point out the several rulings of the Circuit Court inconsistent with this view of the instrument. Because of them, the judgment is reversed and the cause remanded.