# Washington, et al. v. Arnold, et al.

*Bill to Declare Conveyance a Fraud, and to Establish a Lien.*

(Decided April 5, 1910. 52 South. 463.)

1. *Appeal and Error; Party.*—While the general rule is that an appeal should be taken in the name of all the parties, plaintiff or defendant, only the parties affected by the appeal are necessary parties to the appeal; so, where there were three defendants and two of them filed a joint demurrer, and the other did not demur, and a decree was rendered on the demurrer of only one of the demurrants, and the appeal was from this decree, the party defendant not demurring was not a necessary party.

2. *Same; Assignments of Error; What Considered.*—The assignments of error of the defendant not a party to the decree appealed from and not affected by it, will not be considered.

3. *Judgment; Conclusiveness; Parties Bound.*—A judgment establishing a lien on a building and lot for materials in an action against the contractor and the supposed owner conclusively establishes the right of the complainant to the lien as against the defendants, although another might be entitled to dispute the right to the lien on the ground that the defendant did not own the property.

4. *Equity; Pleading; Demurrer.*—Facts well pleaded are taken as confessed on the demurrer to a bill.

5. *Fraudulent Conveyance; Invalidity.*—Where one purchased a lot and was put in possession of it and contracted to have buildings erected thereon, which buildings were erected by a contractor under a contract with the supposed owner, and the materials were furnished by another who obtains judgment against the contractor and sup-

[Washington, et al. v. Arnold, et al.]

posed owner establishing a lien for the materials, and pending such proceedings, the vendor of the lot conveys it by warranty deed to the wife of the original purchaser, who was the defendant in the suit to establish a lien, and who pays the recited consideration for the deed, such conveyance to the wife was a fraud upon complainant's rights, against which equity will grant relief by setting the conveyance aside.

6. *Same; Action to Set Aside; Allegation of Fraud.*—A bill alleging that W. purchased a certain lot and was put in possession thereof, and thereafter contracted to have buildings erected thereon which were erected by the contractor to whom complainant furnished the materials for the erection thereof, and that the party furnishing the material, the complainant, had procured judgment against the contractor and defendant for the amount of such material and establishing a lien for the same upon the said house and lot and that pending such suit the original vendor had made and executed upon a recited consideration a warranty deed to said lot to the wife of W. and that the consideration was in fact paid by W. and that the conveyance was made for the purpose of defrauding complainant and preventing the enforcement of the lien, sufficiently alleges fraud, and is not objectionable as being multifarious.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. S. Arnold and another against W. D. Washington and others, to set aside a conveyance for fraud, and to enforce the lien. From a decree overruling demurrers to the bill, the respondents appeal. Affirmed.

FRANK S. WHITE & SONS, for appellant. The bill does not show sufficient facts authorizing a court of equity to assume jurisdiction of the case, and if the bill is without equity the conclusions of the pleader whether in the charging part of the bill, or in the special prayer or both, cannot import equity to it.—*Sayre v. Elyton Co.*, 73 Ala. 86; *Strickland v. Gay-Hardie & Co.*, 104 Ala. 375; *McDonald v. Finch*, 131 Ala. 89; *Overton v. Moseley*, 135 Ala. 607. Where reference is made to exhibits attached to a bill and the recitals are contradictory to the averments of the bill, or not in accord therewith, there is such a repugnancy as renders the bill demurrable.— *Little v. Snedicor*, 52 Ala. 167; *Tutwiler v. B. & L. Assn.*,

127 Ala. 103; *Barrett v. Central Co.*, 130 Ala. 297. An averment of fraud as a conclusion is not sufficient.— *Kidd Morris & Co.*, 127 Ala. 393; *Bell v. Southern Home Co.*, 140 Ala. 377; *McCann v. Ordway*, 76 Ala. 347; *Youngblood v. Youngblood*, 54 Ala. 486.

JOHN H. MILLER, and W. M. DAVISON, for appellee. The appeal should be dismissed because not taken in the name of all the respondents.—Rule 85, Ch. Pr.; *Moore v. Burns*, 60 Ala. 270; *Johnson v. First Nat. Bank*, 145 Ala. 378. The assignment of error is joint, and the cause should be affirmed because no error is shown as to one of the respondents.—*Lehman v. Gunn*, 154 Ala. 369; *Prestrige v. Wallace*, 155 Ala. 542. When equity takes jurisdiction for one purpose it retains it for all purposes.—*Price v. Carney*, 75 Ala. 546; *Ware v. Russell*, 70 Ala. 174; *Haus v. Haus*, 57 Ala. 262; 16 Cuc. 109. The bill was sufficient in the averments of fraud. —*Pickett v. Pitkin*, 64 Ala. 520; *Silvey v. Vernon*, 45 So. 68; *Freeman v. Pullen*, 24 So. 57; *Seitz v. Mitchell*, 94 U. S. 580.

DOWDELL, C. J.—The bill is exhibited against W. D. Washington, Janie S. Washington, and the Ensley Land Company, all of whom are made respondents. W. D. and Janie S. Washington filed a joint demurrer. The cause was submitted for decree on this demurrer only as to the respondent W. D. Washington, and a decree overruling the same was rendered. From this decree the present appeal is prosecuted under the statute.—Code 1907, § 2838.

The appeal is taken jointly in the names of W. D. Washington and Janie S. Washington, and only in their names. Motion is now made to dismiss the appeal, because not taken in behalf of the respondents to

the bill. The general rule is that appeals must be taken in the names of all the plaintiffs or defendants as the case may be, and summons and severance had in the appellate court for purpose of assignment of errors. The rule, however, finds its limitation, in that only parties to the suit who are affected by the judgment or decree appealed from should be made parties in the appeal. The only case among the decisions of this court that we have been able to find which might be said to indicate a contrary view is the case of *Clark v. Knox,* 65 Ala. 401. It appears from the report of that case that the record never came into the hands of the reporter. The learned judge, in the use of general terms with reference to parties to the appeal, might well have had in mind in that case that all of the parties to the suit were affected by the decree appealed from. So we think, when properly understood, that the case is not opposed to the above-stated rule.

In the present case the cause was submitted to the chancellor for decree solely upon the demurrer of the respondent W. D. Washington to the bill. No submission was had or decree rendered on the demurrer of the other respondents. As a matter of fact, the respondent Ensley Company did not demur to the bill. It is difficult to see how the decree on the demurrer of W. D. Washington to the bill could affect the other respondents. It is still open for the respondent Janie S. Washington to invoke a ruling upon her demurrer to the bill. It is true she has joined in the appeal. This, however, was an irregularity; but the appellee's motion does not go to this defect or irregularity in the appeal. The motion to dismiss the appeal must be overruled.

The assignments of error are jointly and severally made by W. D. and Janie S., but only the assignments by the former will be considered, since the latter is not

a party to the decree appealed from, nor is she affected by it. The bill shows by its averments that the respondent W. D. Washington purchased of the Ensley Land Company, a corporation, a certain described lot in the city of Ensley, and was put into possession of the same by the said Ensley Land Company; that the said W. D. Washington contracted with one Gates to erect a building on said lot, and that the said Gates, in pursuance of said contract, did erect the building on the lot; that the complainants furnished the material for the erection of said building; that in October, 1907, the complainants brought suit in the circuit court of Jefferson county, against said Gates and the said W. D. Washington, for the purpose of obtaining a personal judgment against said Gates, and to enforce a lien on the said lot and building for materials furnished by these complainants in the erection of the building; that said suit was prosecuted· to judgment in April, 1908, in which judgment a lien was declared on the said building and lot; that pending said suit, and on the 14th of December, 1907, the Ensley Land Company, for a recited consideration, executed a deed to said lot to the respondent Janie S. Washington, the wife of the said W. D. Washington. The bill charges that the said Janie S. paid none of the recited consideration, but that the same was paid by the said W. D., and that the transaction was had, and the conveyance so made to the said Janie S., for the purpose of defrauding complainants and defeating them in the enforcement of their lien.

The complainants' asserted lien on the building and lot, so far as the respondent W. D. Washington is concerned, was conclusively established against him by the judgment of the circuit court, in which proceeding he was made a party. If the facts charged in the bill are true, and they are to be taken as confessed on demurrer,

[Barden, et al. v. Grace.]

the conveyance to Janie S. was a fraud upon the rights of the complainants, and passed no title to her that in a court of equity could defeat the just claims of the complainants. It is true the Ensley Company's deed in law conveyed the legal title to Janie S., but not as against the rights of the complainants in a court of equity, when made to defraud as charged in the bill.

The bill is sufficient in averments of fraud, and on the facts stated the complainants are without a complete and adequate remedy at law. The bill, we think, contains equity, and is not open to the objection of multifariousness. Nor do we think it subject to any of the stated grounds of demurrer.

The decree of the chancellor overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.