(84 South. 475)

McKENZIE v. MINGE et al.   (2 Div. 204.)

(Court of Appeals of Alabama.   Nov. 25, 1919. Rehearing Denied Dec. 16, 1919.)

1. APPEAL AND ERROR ⬤⟿1036(1) — REFUSAL TO PERMIT PLAINTIFF TO AMEND COMPLAINT BY STRIKING OUT DEFENDANT HARMLESS.

The Court of Appeals will not reverse judgment for defendants at the instance of plaintiff-appellant for any error of the trial court in declining to allow plaintiff to amend complaint by striking out as a party defendant the one with whom plaintiff's contract on its face was made, so that other defendants were entitled to recover; such ruling having been harmless to plaintiff.

2. JUDGMENT ⬤⟿238 — PLAINTIFF ALLEGING JOINT CONTRACT MUST PROVE SUCH CONTRACT.

By alleging a joint contract with defendants, plaintiff was required to prove such a contract in order to recover against any of them.

3. APPEAL AND ERROR ⬤⟿1064(4)—STATEMENT IN GIVING GENERAL CHARGE HARMLESS TO PLAINTIFF.

Where defendants were entitled to the general charge, statement of court to jury that for them to find for defendants was a mere matter of formality was harmless to plaintiff.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Action by J. T. McKenzie against John H. Minge and others to recover for work and labor done on a cotton oil plant, and to enforce mechanic's lien thereon. From judgment for defendants, plaintiff appeals. Affirmed.

George Pegram, of Faunsdale, for appellant.

A mechanic has four months within which to file his lien in the Probate office and six months within which to file his suit to enforce it. Sections 4758 and 4777, Code 1907. Where a plaintiff gives testimony having a tendency to prejudice him, he may show a general custom or usage that would absolve him. 81 Ala. 242, 1 South. 857. Where the evidence is partly oral, the affirmative charge should not be given without hypothesis. 38 Ala. 619; 63 Ala. 435. Where two or more persons are sued jointly, a plaintiff may recover against one or more. Section 2504, Code 1907; 76 Ala. 39; 71 Ala. 156. An amendment adding or striking parties is an absolute right, if done before the jury retires. Section 5367, Code 1907, and cases there cited.

William Cunninghame, of Linden, for appellees.

Mechanics' liens are lost, unless the suit for the enforcement thereof is commenced within six months after the maturity of the debt. Section 4777, Code 1907; 202 Ala. 566, 81 South. 68. Custom or usage cannot contradict expressly or by implication the terms of a written contract. 191 Ala. 391, 68 South. 63; Jones on Evidence, § 465. Any error in the affirmative charge did not affect the result. Rule 45, Supreme Court Practice; 177 Ala. 656, 59 South. 286; 163 Ala. 562, 50 South. 1023; 148 Ala. 667.

MERRITT, J. The appellant brought this action against John H. Minge, Rosa A. Minge, Farmsdale Oil Mill, and Farmsdale Mill & Gin Company. The judgment was in favor of the defendants; the general affirmative charge being given in their favor. The complaint contained four counts all seeking to establish and enforce a materialman's lien. The plaintiff twice amended his complaint by adding certain matters in a further attempt to strengthen and establish his alleged lien. There were certain pleas in abatement filed by two of the defendants, and on submission the jury found in favor of the plaintiff on these pleas. All of the defendants filed a joint plea of the general issue, and the defendants John H. Minge and Rosa Minge filed a plea of the statute of limitations of six months to so much of the complaint as sought to establish and enforce a materialman's lien. The lien sought to be established and enforced was claimed by virtue of a contract entered into between plaintiff and defendant John H. Minge, which was offered in evidence and is as follows:

"Birmingham, Ala.

"This contract made and entered into this the 3d day of August, 1914, by and between John H. Minge of Birmingham, Ala., hereinafter known as party of first part, and J. T. McKenzie, of Selma, Ala., hereinafter known as party of second part, witnesseth: That party of the first part owns a cotton seed oil mill and ginnery at Faunsdale, Ala., and is desirous of securing a superintendent for said plant; and whereas, the party of the second part is a machinist and has served in the capacity of superintendent of similar oil mills and gin plants and is desirous of securing a position of superintendent with said party of the first part:

"Party of the second part agrees and binds himself to act as superintendent of said plants of the party of the first part from August 1, 1914, until July 1, 1915, and during this time to give his entire undivided attention to the operation, repairs, general upkeep, and do all other duties around such plant as are incumbent upon superintendents, and at all times during the existence of this contract to be subject to the call and carry out all instructions as given by the party of the first part, or his duly au-

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thorized agent. He agrees to lend all of his energies and influence to the successful operation of said plant. He agrees not to employ or allow to be employed under him any person who uses intoxicants of any kind, and he agrees for himself that he will not use intoxicants while in the employ or on the premises of the party of the first part.

"Party of the second part also agrees in taking this position that he has thoroughly examined the mill and plant of the party of the first part, and that he will have said ginnery in operation when the first bale of cotton comes to town to be ginned, and that he will have said oil mill in operation by the time the first 100 tons of cotton seed has been received, and that his duties will be to keep mill in constant operation, that any repairs, necessitating the shutting down of the mill to fix, that work will be done on Sunday, when the mill is not in operation, and that the mill is to be operated each week, from Monday morning, both night and day until Saturday evening at 5 o'clock.

"The party of the first part agrees and binds himself to employ the party of the second part for a period beginning August 1, 1914, and expiring July 1, 1915, and further agrees that on full compliance to the conditions herein named by party of the second part that party of the first part will pay party of the second part, at the expiration of each calendar month, one hundred and twenty-five ($125.00) dollars, during the life of this contract; however, should party of the second part fail to operate said mill in accordance with the wishes or the instructions of the party of the first part, or his agents, then the party of the first part has a right to terminate this contract without any liability to himself.

"Signed in duplicate this the 3d day of August, 1914.  John H. Minge, Party of the First Part.  J. T. McKenzie, Party of the Second Part."

It appears from a review of all the proceedings and appellant's contention that the case finally was tried on the contention of the appellant that the defendants had breached the contract by failing to pay plaintiff the last two months' wages under the contract, and that defendants were, in addition to these amounts, indebted to him for fourteen days' extra work that defendants agreed to pay him for.  And for the two months' work at $125 per month and the $65 for extra work he sought to obtain a personal judgment against the defendants.  It does not appear that at any time during the trial any of the defendants were stricken out as parties to the suit, but it does appear that before the case was submitted to the jury the plaintiff sought to amend his complaint by striking out John H. Minge as a party defendant.  The court declined to allow this to be done, and the appellant insists that thereby the trial court committed error.  The appeal in this case appears to have been taken only against the appellees John H. Minge and Rosa Minge; and appellees' counsel insists that this court has no jurisdiction to determine this matter.  It

appears to have been generally decided in the case of Clark v. Knox, 65 Ala. 401, that "on appeal all the defendants must be made appellees," and that this rule was adhered to until this case seems to have been explained by Chief Justice Dowdell in the case of Washington et al. v. Arnold et al., 167 Ala. 448, 52 South. 463, wherein he says, speaking of the case of Clark v. Knox, supra, that—

"The rule, however, finds its limitation, in that only parties to the suit who are affected by the judgment or decree appealed from should be made parties in the appeal."

Conceding, then, that the defendants Faundale Oil Mill and Faundale Mill & Gin Company would be affected by the judgment, can the appellee take advantage of it without a motion having been made before submission to dismiss the appeal, and, if this motion had been made, what would have been the effect of the same?  No motion has been made in the instant case to dismiss the appeal, but, if dismissed, it must be by the court ex mero motu.  In the case of Vaughan v. Higgins, 68 Ala. 546, our Supreme Court has said:

"Where an appeal is taken in the name of one instead of all the parties, plaintiff or defendant, it may be dismissed on * * * motion, * * * if made before the submission of the cause, unless a motion to amend the appeal be made within the proper time; but, if the cause is submitted without objection, * * * the settled practice is for this court not to dismiss the appeal ex mero motu because of such amendable irregularity, * * * but to proceed to render judgment as if no such defect existed."

See Coffey v. Norwood, 81 Ala. 515, 8 South. 199.

[1] It does not appear on what theory the appellant sought to have stricken as a party defendant John H. Minge.  He was the sole party defendant to the contract, and, conceding (which we do not decide) that the court was in error in refusing to allow the complaint amended so as to strike him as a party defendant, we do not see how the plaintiff can complain.  The evidence in the case was undisputed.  The plaintiff was the only witness, the defendant offering no testimony.  The plaintiff testified that his agreement was made with the *defendants*; that his agreement for the extra work was made with the *defendants*.  While his contract offered by him in evidence shows it was made with the defendant John H. Minge, so it clearly appears that the defendants were entitled to recover, and, this being so, this case is brought clearly within the rule, often pronounced by our Supreme Court, that when on the undisputed facts a plaintiff or defendant was entitled to the general affirmative charge, any errors committed by the court in special rulings are not

ground of reversal at the instance of the party appealing, since they could not have injured him. Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178, 27 South. 781; Glass v. Meyer, 124 Ala. 332, 26 South. 890; Seymour v. Farquhar, 93 Ala. 292, 8 South. 466; Pritchett v. Pollock, 82 Ala. 169, 2 South. 735, and authorities there cited.

And this disposes of the assignment of error as to whether the court committed error in refusing to allow the plaintiff to prove a custom or usage which would contradict expressly or by implication the terms of a contract.

[2] Alleging a joint contract with the defendants, the plaintiff was required to prove a joint contract in order to recover against any of them. McAnally v. H. L. Co., 109 Ala. 397, 19 South. 417; Lee v. Wimberly, 102 Ala. 539, 15 South. 444. And this brings us to the last insistence of the appellant, and we judge to him his most serious one. As stated before, the court gave the general charge for the defendants, and at the time of giving stated:

"Gentlemen of the jury, in this case I give you what is called the general charge. The court charges the jury that, if they believe the evidence in this case, they must find for the defendants. It is a mere matter of formality, gentlemen, and you can take the papers and make up your verdict one of you signing it as foreman."

The plaintiff excepted to the words "that it is a mere matter of formality."

[3] Under the view we take of the case the defendants were entitled to the general charge, and we cannot see how the statement that it was a mere matter of form could have been hurtful to the plaintiff. The writer of this opinion, just recently from the active practice, is impressed that, when the trial court has concluded that the general charge should be given in a civil case, it is a truism that the giving is a mere matter of form. The words of the general charge, while merely formal, when against you are the saddest of words, but when in your favor "bring joy to your soul."

We find no reversible error in the trial of this case.

Affirmed.