(112 So. 444)

## LONG v. HOLDEN.   (8 Div. 895.)

Supreme Court of Alabama.   April 14, 1927.

**I. Appeal and error ⊚⇒327(5)—Generally appellee's codefendants, as to whom judgment is adverse, should be joined in appeal or writ of error.**

Generally, where judgment is favorable to one or more codefendants and adverse as to others, latter should be joined in appeal or writ of error brought by plaintiff, as entire cause of action cannot be severed into two or more proceedings to be separately pursued.

**2. Appeal and error ⊚⇒327(5)—Corespondent of individual demurrant need not be made party to appeal decree sustaining demurrer.**

Corespondent of one individually demurring to bill need not be made party to complainant's appeal from decree sustaining demurrer.

**3. Appeal and error ⊚⇒327(5)—Corespondent of cotenant, demurring to bill to quiet demurrant's claim of exclusive ownership, held not adversary party required to be made party to appeal from decree sustaining demurrer.**

Corespondent of one individually demurring to bill, filed against them as cotenants by third tenant in common, for decree quieting demurring respondent's claim of exclusive ownership, held not adversary party, required to be made party to complainant's appeal from decree sustaining demurrer, as reversal would benefit him by protecting his interest in common property.

**4. Deeds ⊚⇒124(3)—Grantee's written statement before habendum that land was to go to daughter at his death held not to negative fee-simple grant.**

Deed containing grantee's written statement just before habendum, "It is so understood that at my death this land is to go to my daughter" named, *held* not to clearly show, as required by Code 1923, § 6900, grantor's intent to limit to life estate fee-simple estate imported by granting clause.

**5. Contracts ⊚⇒147(2)—Parties' intent must be ascertained from language of instrument, and given effect if possible without violating law.**

Cardinal rule for construction of written instruments is to ascertain parties' intention, if possible, from language employed and then give it effect, if possible, without violating law.

**6. Contracts ⬤⟿147(3)—Parties' intent must be gathered from fair consideration of whole instrument.**

.Intention of parties to written instrument must be gathered from fair consideration of whole instrument, or from its "four corners."

**7. Deeds ⬤⟿26, 44—Wills ⬤⟿94, 108—Even clearly stated intention is ineffectual, if instrument does not meet legal requirements as to execution and language used.**

Even clearly stated intention in deed or devise of realty will be ineffectual, if instrument does not meet legal requirements as to mode of execution and use of language apt for purpose stated.

**8. Deeds ⬤⟿93—Grantor's intent must be ascertained in construing deed poll.**

In case of deeds poll, intention to be ascertained is primarily that of grantor.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Bill in equity by Mattie Holden Long against Lora Leona Holden and Dempsey Ward Holden, to quiet claim upon and for sale of lands for division among joint owners. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and rendered.

J. G. Rankin, of Athens, for appellant.

Not being a party to the decree appealed from, it was not necessary that respondent Dempsey Ward Holden be given notice of appeal or be made an appellee. A writ of error lies only against parties or privies to the judgment complained of. 3 C. J. 1014; Roberts v. Taylor, 4 Port. (Ala.) 421; Davenport v. Fletcher, 16 How. 142, 14 L. Ed. 879; Payne v. Niles, 20 How. 219, 15 L. Ed. 895; Wuerzburger v. Wuerzburger, 221 Ill. 277, 77 N. E. 419, 5 Ann. Cas. 628. An appeal should not be dismissed for failure to give notice to nominal or unnecessary parties. Skinner v. Moore, 64 Kan. 360, 67 P. 827, 91 Am. St. Rep. 244. Where an instrument, although purporting to be a deed, does not pass a present interest, but is to take effect only upon the death of the grantor or other person, it is testamentary in character and insufficient as a deed. Walker v. Jones, 23 Ala. 448; Mosser v. Mosser, 32 Ala. 551; Kyle v. Liddell, 87 Ala. 423, 6 So. 296; Kinnebrew v. Kinnebrew, 35 Ala. 628; McGarrigle v. Roman Catholic Orphan Asylum, 145 Cal. 694, 79 P. 447, 1 L. R. A. (N. S.) 315, 104 Am. St. Rep. 84; Wilson v. Carrico, 49 Am. St. Rep. 219, 222, note; Murphy v. Gabbert, 166 Mo. 596, 66 S. W. 536, 89 Am. St. Rep. 733; Babb v. Harrison, 9 Rich. Eq. (S. C.) 111, 70 Am. Dec. 203. Title to land or an estate therein can only be transferred by appropriate words of grant, release, or transfer. Webb v. Mullins, 78 Ala. 111; McGarrigle v. R. C. O. A., supra.

R. B. Patton, of Athens, for appellee.

Appeals must be taken in the names of all of the plaintiffs, or defendants, who are affected by the judgment appealed from. Washington v. Arnold, 167 Ala. 448, 52 So. 463; 3 C. J. 1014; Clark v. Knox, 65 Ala. 401; Wiggin v. Swett, 6 Metc. (Mass.) 194, 39 Am. Dec. 716. For failure of notice to one of the appellees, the appeal should be dismissed. Code 1923, § 6140; Eutaw I. W. & P. Co. v. McGee, 16 Ala. App. 258, 76 So. 990; Frierson v. Haley, 1 Ala. App. 576, 55 So. 429. The cardinal rule in the construction of deeds is to ascertain, if possible, from the language employed, the intention of the parties, and to give effect to such intention, to be gathered from the whole instrument. Ala. C. M. v. Mobile Docks, 200 Ala. 126, 75 So. 574; Hamner v. Smith, 22 Ala. 433; Campbell v. Gilbert, 57 Ala. 569; 18 C. J. 331: Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719; Sullivan v. McLaughlin; 99 Ala. 60, 11 So. 447; Dinkins v. Latham, 154 Ala. 90, 45 So. 60; Seay v. McCormick; 68 Ala. 549. If the instrument shows on its face that it was written by an illiterate person, a greater latitude of construction is indulged. Saunders v. Saunders, 20 Ala. 710; Hamner v. Smith, 22 Ala. 433; Wallace v. Hodges, 160 Ala. 276, 49 So. 312; Campbell v. Noble, 110 Ala. 382, 19 So. 28. Some meaning should be given to every clause of a deed. Repugnant words must yield to the purpose of the grant. 18 C. J. 331; Hatcher v. Rice, 213 Ala. 676, 105 So. 881; Slayton v. Blount, 93 Ala. 575, 9 So. 241.

SOMERVILLE, J. The bill of complaint is filed by an alleged tenant in common against two cotenants, and prays for a decree quieting a claim of exclusive and hostile ownership asserted by Lora L. Holden, one of the respondents; and for a decree of sale for division of the jointly owned real estate.

Lora L. Holden, individually, demurred to the bill, and the appeal is by the complainant from a decree sustaining her demurrer. The record shows that notice of the appeal was served on Lora L. Holden only, and she now moves to dismiss the appeal because her corespondent Dempsey W. Holden has not been made a party to the appeal.

[1, 2] "As a general rule, where a judgment is favorable to one or more codefendants, and adverse as to others, the latter should be joined in an appeal or writ of error brought by plaintiff to review the action in favor of the former." 3 Corp. Jur. 1019, § 973, citing, among other cases, Duncan v. Hargrove, 22 Ala. 150. This rule, as the cases show, is based on the principle that an entire cause of action cannot be severed into two or more proceedings, to be separately pursued; and, where the issue of

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the appeal may so result, all codefendants should properly be made parties to the appeal. Hunter v. Wakefield, 97 Ga. 543, 25 S. E. 347, 54 Am. St. Rep. 438. But, looking to the reason of the rule, it can have no application here. As said by Bleckley, J., in McGaughey Bros. v. Latham, 63 Ga. 67, 71:

"The answer [to the motion to dismiss the appeal] is, that only one of the defendants demurred to the declaration, and the judgment upon that demurrer is the sole subject-matter of the writ of error. The other defendant is thus no party to the controversy here, and were the plaintiffs in error to succeed in reversing the ruling which they complain of, his liability to them would not be enlarged. Their effort in this court is not to bind him, but to bind another with him, on the supposition that he is already bound."

To the same effect is Wilson v. Stewart, 63 Ind. 294.

[3] An additional consideration in the instant case is that the omitted corespondent is not an adversary party in the ordinary sense, and a judgment of reversal in favor of the complainant would in fact benefit him by protecting his interest in the common property. He could not be adversely affected.

Strictly analogous, and in harmony with the foregoing views, is the case of Washington v. Arnold, 167 Ala. 448, 52 So. 463, where the appeal was by an unsuccessful demurrant, without notice to a codefendant who did not demur, or one who demurred separately.

Of course, if the judgment on demurrer had been in favor of both respondents, both would have been necessary parties to the appeal. Clark v. Knox, 65 Ala. 401.

The motion to dismiss the appeal is not well grounded and will be overruled.

[4] The bill of complaint shows that the parties to the bill are all children and heirs at law of J. S. Holden, deceased, and that the deed under which complainant asserts their tenancy in common, and under which the respondent Lora L. Holden asserts her exclusive ownership of the land therein conveyed, is a deed of bargain and sale executed by one John H. Davis to John S. Holden, for the consideration of $4,000. The grant, the habendum, and the covenants are to John S. Holden, and his heirs and assigns. Immediately following the description, and just before the habendum, there is written, in quotation marks, "It is so understood that at my death this land is to go to my daughter, L. L. Holden."

The construction and effect to be given to this statement, made, as it must be presumed, and as is in fact conceded, by John S. Holden, the grantee in the deed, is the sole and decisive question presented by the bill and demurrer, and the ruling of the trial court thereon. The theory of complainant is that it did not limit to a life estate the otherwise fee-simple title granted to John

S. Holden; while the contention of the respondent, Lora L. Holden, adopted and effectuated by the decree of the trial court, is that it limited the estate granted to the life of John S. Holden, and vested in her the remainder, to be enjoyed by her after his death.

[5, 6] Innumerable cases may be cited to the proposition that the cardinal rule for the construction of written instruments is to ascertain, if possible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done without violation of law. As often stated, the intention must be gathered from a fair consideration of the whole instrument (Hamner v. Smith, 22 Ala. 433; McWilliams v. Ramsay, 23 Ala. 813, 817), or from its "four corners." Slaughter v. Hall, 201 Ala. 212, 77 So. 738.

[7] In most of the cases the qualification is properly stated that the intention, as gathered from the language of the whole deed, will be effectuated if consistent with law. Hamner v. Smith, 22 Ala. 433, 438; Jenkins v. McConico, 26 Ala. 213, 237; Campbell v. Gilbert, 57 Ala. 569; Dinkins v. Latham, 154 Ala. 90, 99, 45 So. 60; Ala. Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 128, 75 So. 574; 18 Corpus Juris, 254, § 198. This means, of course, where deeds and devises to real estate are concerned, that even a clearly stated intention will be ineffectual if the instrument does not, as to the mode of its execution, and the use of language apt for the purpose stated, meet the requirements of the law. 8 R. C. L. 1035, § 91. In Culver v. Carroll, 175 Ala. 469, 479, 57 So. 767, 771 (Ann. Cas. 1914D, 103), we quoted with approval this statement from Brown v. Brown, 66 Me. 320:

"The intention of an owner of property in his attempted act of transferring it is not necessarily and always supreme. The law has prescribed certain plain rules to be observed in the execution of such important instruments as those by which the title to real property is transferred; and, whatever courts may sometimes have done in their zeal to carry into effect the intention of parties, the law itself does not permit its salutary rules to be broken or bent to meet the exigencies of ignorance or negligence; deeming it better, on the whole, that the intention of a party in disposing of his property should occasionally fail, than that its important and firmly established rules made and applied for the benefit of all be overridden."

[8] It must be noted also that in the case of deeds poll the intention to be ascertained is primarily that of the grantor. Hamner v. Smith, 22 Ala. 433, 438; May v. Ritchie, 65 Ala. 602, 603; Dickson v. Van Hoose, 157 Ala. 465, 47 So. 718, 19 L. R. A. (N. S.) 719; Graves v. Wheeler, 180 Ala. 412, 415, 61 So. 341.

It will be noted that the statement in the deed relied on to create and pass a remainder interest to Lora L. Holden, is not the lan-

guage of the grantor, but of *the grantee*, speaking in the first person singular. The grantor conveys the land to John S. Holden in terms which import a fee-simple estate. The grantee has written into the deed before its execution his individualized statement that "it is so understood that at my death this land is to go to my daughter, L. L. Holden. Very clearly, *he* intended this daughter to have the property at his death, to the exclusion of his other children. Whether he intended for her to take a vested present interest under and by this deed, *in limitation of his own estate*, is a different question, and one which cannot be satisfactorily answered from the face of the deed. And what *the grantor* intended in that regard is still more impossible of ascertainment.

In Brewton, Adm'r, v. Watson, 67 Ala. 121, 125, the court was dealing with a bilateral contract, whereby, in consideration of the services of the second party, it was stipulated that the second party "shall have and be entitled to, at and after the death of [the first party], all the property, both real and personal, now owned by said [first party]." Considering the effect of the instrument containing this language in the case of Brewton v. Watson, 67 Ala. 121, 125, Chief Justice Brickell said:

"It [the instrument] is signed by both parties, and is without a word of grant or conveyance. Taking the whole instrument together, the conclusion is irresistible that a covenant, upon the performance of which Mrs. Watson, during the life of Mrs. Browning, would be entitled to possession and to the rents and profits of the premises, and having performed, on the death of Mrs. Browning, should be entitled to the title, was intended, and not a grant or conveyance of the title [in præsenti] to take effect in futuro. There can be no valid and operative conveyance of lands without some words of grant, or alienation. Formal, technical words are not necessary; and when an intent that the estate shall pass is manifested, its words will, if possible, be so construed that it shall take effect. But the want of words cannot be supplied. * * * These are words of covenant, of contract, not of conveyance."

That is to say, such language is not apt or sufficient for the conveyance of title, especially for conveyance in præsenti.

In Webb v. Mullins, 78 Ala. 111, 113, it was said:

"At common law, a deed must contain words of grant, release, or transfer, in order to pass the legal title to the land designed to be conveyed. The title to land can be transferred from one person to another only by apposite and appropriate language. It was not the intention of the statute [Code 1876, § 2948; Code 1923, § 6839] to dispense with the use of any words whatever, operative to convey. By the statute, the duty is imposed upon the courts to liberally construe the words employed in the conveyance as *words of transfer*, and give them effect and operation according to the intention of the grantor, to be collected from the entire instru-

ment. There must, however, be some words intended as words of conveyance. They cannot be supplied by judicial interpolation."

It was there held that an habendum clause merely, with no granting clause or other equivalent, was ineffectual.

The only reported case, apparently, which is substantially like this, is that of McGarrigle v. Roman Catholic Orphan Asylum, 145 Cal. 694, 79 P. 447, 1 L. R. A. (N. S.) 315, 104 Am. St. Rep. 84. There, however, the property was conveyed to McGarrigle *expressly "during his lifetime."* Immediately following the description was this clause:

"It is the purpose of the party of the first part by this deed, that after the death of the said party of the second part, the said described lands *shall become and be* the property of the Roman Catholic Girls' Orphan Asylum of San Francisco." [Italics supplied.]

The court said:

"It is upon the italicized portion of this conveyance that appellant relies, but we are of opinion that the trial court correctly construed this clause as containing no operative words of grant, and as failing to convey any present interest in the property. *It will be noted that the appellant is nowhere mentioned as a grantee in the deed, and that the language of the clause is but an expression of the grantor's purpose in the future disposition of the property. It left in her a reversion after the life estate to Thomas McGarrigle, which required some future conveyance, or some testamentary disposition, to effectuate its transfer to the orphan asylum.* [Italics supplied.] But not only was there a failure of operative words to convey to the asylum, but no present interest can be said to pass under the language which was employed. It is fundamental that, while possession or enjoyment of an estate may be deferred, a deed to be operative must pass a present interest. This was not done by the instrument in question. The express purpose was—giving to it its fullest effect—that the land should become the property of the orphan asylum after the death of McGarrigle, but should not become its property before. Such attempted dispositions have been uniformly held to be inoperative in deeds [citing several authorities]."

In two respects the attempted disposition of a reversionary interest in the McGarrigle deed was stronger than in the deed before us; (1) There was an express limitation of the estate granted to McGarrigle; and (2) the purpose expressed as to the remainder was the purpose of *the grantor*.

Our statute (Code 1923, § 6900) declares:

"Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended."

The granting clause in the deed before us imports the conveyance of a fee-simple estate. It does not clearly appear that the grantor intended to convey to John S. Holden any estate less than a fee simple.

Our conclusion, therefore, is that the bill shows a tenancy in common between the parties, as heirs at law of the grantee, Holden. and the demurrer to the bill was erroneously sustained.

The decree appealed from will be reversed, and a decree will be here rendered overruling the demurrer.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.