SHORES, Justice.
J.D. Lilly appeals from a partial summary judgment granted in favor of Percy Earl and Wilbert Earl, Sr., in this action to recover half of the proceeds from a public sale of real property for division. We reverse and remand.
Levi Nabors and his wife Bulah owned approximately seven acres of land as tenants in common. On June 3, 1975, they executed a certain instrument, the nature and validity of which determine this case. In pertinent part, this instrument reads:
“KNOW ALL MEN BY THESE PRESENTS, That, LEVI NABORS and wife BULAH NABORS, hereinafter called the GRANTORS, for and in consideration of the sum of TEN ($100) and other good and valuable considerations paid to LEVI NABORS and wife BULAH NABORS by LEVI NABORS hereinafter referred to as the GRANTEES, as tenants in common with equal interests, for the period of term of their joint lives, upon the death of either of them, then to the survivor of them, to the heirs and assigns of such survivor, all that real property ... described as follows, to-wit:

*144

“TO HAVE AND TO HOLD to the said LEVI NABORS and wife his heirs and assigns forever.
“And we the said Grantors, do covenant with said GRANTEES, as tenants in common, with equal interests for the period or term of their joint lives, upon the death of either of them, then to the survivor thereof in fee simple, forever.
“AND, except as to taxes hereafter falling due, which are assumed by the GRANTEES, THE SAID GRANTORS for themselves, their heirs, executors and administrators, hereby covenant with the said GRANTEES, their heirs and assigns that they are seized of an indefeasible estate in fee simple in said property, that said property is free from encumbrances and that they hereby WARRANT And WILL FOREVER DEFEND the title to and possession of said property unto the said GRANTEES, their heirs and assigns, against the lawful claims whomsoever.”
Bulah Nabors died intestate in 1978 and left as her sole heir a son by a previous marriage, J.D. Lilly, who claims one half of the proceeds from the sale of the land involved. Subsequent to the death of Bu-lah Nabors, Levi Nabors also died intestate, leaving fourteen heirs, two of whom are the plaintiffs in this case, Percy Earl and Wilbert Earl, Sr. The plaintiffs filed an action for sale for division of the seven acres, naming the other twelve heirs of Levi Nabors as defendants. Lilly, with the permission of the trial court, intervened in the action, claiming to own an undivided one-half interest in the property. The property was sold at a public sale, which was confirmed by the trial court, and disbursement of the net proceeds from the sale was reserved, pending the determination of Lilly’s interest. The plaintiffs filed a motion for partial summary judgment, seeking a determination that the property was owned solely by the heirs of Levi Na-bors. This motion was granted, and Lilly appeals.
Levi’s heirs contend that the instrument quoted conveyed title from Levi and Bulah Nabors as tenants in common to Levi and Bulah Nabors as joint tenants with right of survivorship. Thus, they argue, upon the death of Bulah Nabors, Levi Nabors became sole owner of the property under the survivorship provision of the instrument, and his heirs now own the entire interest in the land.
Bulah’s son insists that the instrument is not a valid deed because it is ambiguous and contains no operative words of conveyance such as “grant,” “bargain,” “sell,” or “convey.” Therefore, he argues, Levi and Bulah Nabors continued to hold title to their property as tenants in common until Bulah Nabors died intestate, when her undivided one-half interest passed to him as her sole heir at law. We agree.
Section 35-4-21, Ala. Code 1975, reads as follows:
“A seal is not necessary to convey the legal title to land to enable the grantee to bring a civil action. Any instrument in writing, signed by the grantor or his agent having a written authority, is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument.”
In Webb v. Mullins, 78 Ala. 111 (1884), after quoting § 2948 of the Code of 1876, the predecessor of § 35-4-21, supra, the Court stated:
“ ⅜ * * The manifest purpose of the statute is to dispense with the necessity of a seal to a valid conveyance, and of formal, technical words of grant, release, or transfer. The statute is remedial, and should be liberally construed, so far as may be necessary to suppress the mischief, and effectuate the purpose and. intent of the law-makers; but, being also in modification of the common law, it will not be presumed to modify it farther than is expressly declared; and construction, or intendment, will not be resorted to, for the purpose of extending its operation. ...
*145 “At common law, a deed must contain words of grant, release, or transfer, in order to pass the legal title to the land designed to be conveyed. The title to land can be transferred from one person to another, only by apposite and appropriate language. It was not the intention of the statute to dispense with the use of any words whatever, operative to convey. By the statute, the duty is imposed upon the courts to liberally construe the words employed in the conveyance as words of transfer, and give them effect and operation according to the intention of the grantor, to be collected from the entire instrument. There must, however, be some words intended as words of conveyance. They cannot be supplied by judicial interpolation.” (Emphasis added.)
In Sanford v. Alabama Power Co., 256 Ala. 280, 286, 54 So.2d 562, 567 (1951), this Court quoted with approval this statement from Long v. Holden, 216 Ala. 81, 112 So. 444 (1927):
“Innumerable cases may be cited to the proposition that the cardinal rule for the construction of [a] written instrument is to ascertain, if possible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done without violation of law. As often stated, the intention must be gathered from a fair consideration of the whole instrument ... or from its ‘four corners.’ ...
“In most of the cases the qualification is properly stated that the intention, as gathered from the language of the whole deed, will be effectuated if consistent with law.... This means, of course, where deeds and devises to real estate are concerned, that even a clearly stated intention will be ineffectual if the instrument does not, as to the mode of its execution, and the use of language apt for the purpose stated, meet the requirements of the law.”
In the present case, the instrument as a whole is ambiguous. The first paragraph purports to be a granting clause, but contains no words of transfer or conveyance, and the identity of the grantee or grantees is uncertain. The words “hereinafter referred to as the GRANTEES” are preceded by the words “for and in consideration of the sum of TEN ($100) and other good and valuable considerations paid to LEVI NA-BORS and wife BULAH NABORS by LEVI NABORS....” Thus, the meaning of the subsequent survivorship language is doubtful. The habendum clause is equally unclear and inconsistent and cannot be read in harmony with the first paragraph to identify the grantee(s) or to provide the necessary words of conveyance. The ha-bendum clause reads, “TO HAVE AND TO HOLD to the said LEVI NABORS and wife,” but then refers to “his heirs and assigns forever.” “TO HAVE AND TO HOLD” might in some instances be construed as words of transfer or conveyance. However, in this clause, reference is made to Levi Nabors and wife, and there is no clear indication from the first paragraph that Bulah Nabors was an intended grantee. Being unable to infer the intention of the grantors in this respect, we cannot construe the language employed in the ha-bendum clause as words of transfer and give them any meaningful operation.
We hold, therefore, that the instrument executed by Levi and Bulah Nabors on June 3, 1975, contained no operative words of conveyance and was void. Accordingly, Levi and Bulah Nabors continued to hold title to the property as tenants in common until Bulah Nabors’s death, when her undivided one-half interest passed to Lilly as her sole heir at law, and he is entitled to one half of the net proceeds from the sale of the land.
The judgment is, therefore, reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Torbert, C.J., and MADDOX, JONES and BEATTY, JJ., concur.