### BACCUS v. EADS. (6 Div. 949.)

(Supreme Court of Alabama. June 7, 1923.)

1. **Homestead** ⊙═157—Wife's rights in homestead not lost because of living apart from husband.

Where husband and wife were legally married and lived together for four or five years, the fact that they afterwards lived apart, she leaving his domicile, would not deprive her of her homestead rights which accrued from the marriage relation.

2. **Homestead** ⊙═141(1)—Deceased husband's estate, less than exempted amount, vests in widow and is exempt from administration.

Where a deceased husband's estate, real and personal, was less in amount than the exemptions allowed by Code 1907, § 4225, it vested absolutely in his widow and was exempt from administration.

Appeal from Probate Court, Marion County; W. H. Cantrell, Judge.

Petition of Victoria Baccus to have property of her deceased husband set apart to her as exempt from administration, with contest by Mary Baccus Eads. From the decree, petitioner appeals. Reversed and rendered.

K. V. Fite, of Hamilton, for appellant.

Upon ascertaining that the property appraised and set apart by the commissioners was all of the lands owned by the decedent at his death, the title to all of said lands vested absolutely in appellant. It is of no consequence whether appellant and decedent were living apart. Code 1907, §§ 4224–4227; Headen v. Headen, 171 Ala. 521, 54 South. 646; Faircloth v. Carroll, 137 Ala. 243, 34 South. 182; Sims v. Sims, 165 Ala. 141, 51 South. 731.

C. E. Mitchell, of Hamilton, for appellee.

The appellant, having abandoned the decedent for 13 years, forfeited her rights to claim his lands at his death.

MILLER, J. Victoria Baccus, appellant, commenced this proceeding by written application, verified by oath, filed in the probate court of Marion county, to have all the personal and real property of her husband,

J. Walker Baccus, deceased, set apart to her as his widow, as exempt from the administration of his estate.

The application states the real and personal property owned by decedent at the time of his death did not exceed in amount and value the exemptions allowed in favor of the widow; that decedent left no minor children; that there has been no administration on his estate; that he died more than 60 days before the application was made; and that decedent was a resident of Marion county, Ala., at the time of his death.

The court appointed and directed two commissioners, who were competent, to make full and complete inventory and appraisement of the real and personal property of the decedent, describing the property and stating the value of each item or parcel thereof as required by section 4224, Code 1907, and further directed said commissioners if the property, real or personal or both, does not exceed in amount or value the exemptions allowed in such property, then they must set apart the same to the widow of decedent as exempt from administration, as required by section 4225 of the Code of 1907; and to make return to the court the inventory and appraisement with a report of their action in the premises within 10 days thereafter.

The commissioners in writing and under oath reported to the court that they found no personal property of the decedent; that J. Walker Baccus owned 86 acres of land, more or less, which was his homestead, and is described as follows: S. W. ¼ of N. W. ¼ lying east of New River, six acres of uniform width off the west side of S. E. ¼ of N. W. ¼, and the N. W. ¼ of S. W. ¼, all in section 31, township 12 south, of range 11 west, in Marion county, Ala., and being in all 86 acres, more or less, minerals excepted. The above-described land was all the real estate owned by him at the time of his death, and they valued it at $1,000. The commissioners state as the entire property, real and personal, owned by the decedent at the time of his death, did not exceed in amount, value, or area the exemptions allowed in such property, and there being no minor children of decedent, they did set apart to Victoria Baccus, the widow of decedent, as exempt to her from the administration of the estate all of said real and personal property.

One of the heirs Mary Baccus Eads filed exceptions to the report of the commissioners. Thereupon, under section 4212 of the Code of 1907, on the day fixed for the hearing of the exceptions an issue was made up under the direction of the court in which the contestant, plaintiff, Mrs. Eads, appellee here, alleged that the petitioner, the defendant, Mrs. Baccus, is not the widow of J. Walker Baccus, deceased, and is not entitled

to the exemptions set apart to her in the report of the commissioners; and petitioner, the defendant, Mrs. Baccus, joined issue thereon.

It appears from the decree of the court that the decedent had four children; that they were all and his only heirs. Each was given 30 days' notice of the petition, report of the commissioners, and the day set to hear the report of the commissioners. One of the children was a nonresident, and notice was given her by publication for three successive weeks prior to April 16, 1923, in the Marion County News, a newspaper published in Marion county, Ala. The other three children were in court during the hearing, but only one, Mary Baccus Eads, filed exceptions or objections to the report of the commissioners. Gen. Act Feb. 10, 1923.

After the evidence offered by the parties—nearly all of which was oral—the court rendered the following decree:

"And, upon consideration of the evidence, the court is of the opinion, and it is accordingly ordered and adjudged by the court, that the allegations of the petition herein are true; that said J. Walker Baccus died seized and possessed of the following described lands in Marion county, Ala., to wit: The S. W. ¼ of the N. W. ¼ lying east of New River, six acres of uniform width off of the west side of the S. E. ¼ of the N. W. ¼, and the N. W. ¼ of the S. W. ¼, all in section 31, township 12, south of range 11 west, 86 acres, more or less, minerals excepted, and no other; that said lands are of value much less than $2,000, and in area much less than 160 acres, and constitutes no more than is exempt to the widow of said decedent. The court is further of the opinion, and it is accordingly ordered and adjudged by the court, that said Mrs. Victoria Baccus, petitioner or defendant, is the widow of said J. Walker Baccus, deceased; but the court refuses to allow her exemptions in all of the said lands which were inventoried, appraised and set apart to her by said commissioners. It is further considered, ordered, and adjudged by the court that the report of said commissioners herein, so far as it relates to the following lands, to wit: The N. W. ¼ of the S. W. ¼ of section 31, township 12, south of range 12 west, 40 acres, more or less, mineral excepted, be and the same hereby is ratified and confirmed; and it is ordered and adjudged that said lands be and the same hereby are set apart to the said Mrs. Victoria Baccus as the widow of said J. Walker Baccus, deceased, as her absolute property. It is considered, ordered, and adjudged, however, that the report of the said commissioners, so far as it relates to the following described lands, to wit, the S. W. ¼ of the N. W. ¼, and 6 acres of uniform width off of the west side of the S. E. ¼ of the N. W. ¼, section 31, township 12, south of range 11 west, containing 46 acres, more or less, mineral excepted, be and the same hereby is set aside and held for naught; and it is further considered, ordered, and adjudged by the court that said lands just mentioned be and the same hereby are set aside to Mrs. John D. Baccus, Minnie Letson, Willie Beasley, and Alice Baccus, who are all of the heirs of said J. Walker Baccus, and who are each over 21 years old."

[1, 2] The decree is clearly wrong, and the error manifest. The material facts in the cause are undisputed. J. Walker Baccus was a resident of Marion county, Ala., on December 11, 1922, when he died, and was at the time residing on this 86 acres of land. This was all the real estate owned by him at his death, and its value was less than $2,000, and its area less than 160 acres. The personal property of decedent did not exceed in value $1,000, being in fact worth about $100, and was sold after his death by some of his children, and practically all the proceeds used to pay his funeral expenses and debts. J. Walker Baccus and Victoria Logan, now Victoria Baccus, were lawfully married on September 25, 1904, by the judge of probate of Fayette county, Ala. They lived together for several years after their marriage, but during the last 13 years of his life they lived apart; he residing on the 86 acres here involved, and she 5 or 6 miles away. It appears each had a high temper and they could not agree; but during these 13 years each would visit the other in their different homes and remain for days, and sometimes weeks, with the other. It further appears from the evidence their marriage was performed according to our statutes, and was bona fide entered into by each, with no fraudulent intent by either; and that they lived together as husband and wife for 4 or 5 years. The mere fact they afterwards lived apart, she leaving his domicile, would not deprive her of her homestead rights which accrue from the marriage contract and relation. They were never divorced, and she is therefore his widow. Potier v. Barclay, 15 Ala. 439, headnotes 3, 4. He left four children, viz. Mary Baccus Eads, Minnie Letson, Willie Beasley, and Alice Baccus, who were the only heirs of decedent, and each over the age of 21 at the time of his death. There has been no administration on his estate, and the application was filed in the probate court to have this property set apart to the widow as exempt from administration on February 13, 1923, which was more than 60 days after his death.

This 86 acres of land, more or less, minerals excepted, under the facts and this proceeding, belong to the widow, Victoria Baccus, and the title to it should vest absolutely in her, the widow. The decedent left no minor children. She was his widow. This was all the real estate owned by him at his death; its area was less than 160 acres. He was a resident of Marion county, in the state of Alabama, when he died; and more than 60 days after his death had elapsed before this application was filed, and there has been no administration on his estate. From these facts and under the statutes, the re-

port of the commissioners should have been sustained by the decree of the court, and the court should have decreed this property was exempt from administration and that the title to the entire 86 acres, mineral excepted, described in the report, vested absolutely in the widow, Victoria Baccus. A decree to that effect will be here rendered. Sections 4196, 4198, 4224, 4225, 4226, and 4227, Code 1907; Gen. Act approved February 10, 1923; Headen v. Headen, 171 Ala. 521, 54 South. 646.

There are 54 errors assigned in this cause. We see no necessity for considering any except the one mentioned.

For this error in the decree, it is reversed, and one is here rendered sustaining the report of the commissioners.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.