88 So.2d 570

### V. H. STEPHENS

v.

### PLEASANT HILL BAPTIST CHURCH et al.

5 Div. 643.

Supreme Court of Alabama.

June 14, 1956.

Chas. E. Fuller, Jr., LaFayette, for appellees.

GOODWYN, Justice.

Appellant, complainant below, filed a bill in the circuit court of Chambers County, in equity, to enjoin the Pleasant Hill Baptist Church and its board of deacons from removing a church building from land alleged to be the property of complainant. The bill alleges that in 1916 one Ada L. Brown conveyed to the church the lot on which the church building is located; that "said conveyance contained the following stipulation and condition, namely, 'It is agreed and understood that should this property at any time be used for any other than church purposes, then the title to the same shall automatically revert back to the grantor'"; that "said conveyance was recorded in Deed Book 56, page 469, on November 13, 1933, in the office of the Judge of Probate of Chambers County, Alabama"; that "shortly after the making and execution of the deed here noted and described, that a church building was erected on said premises and that said church building is now standing on said premises and the same is part of the realty herein described"; that on January 20, 1926, the said Ada L. Brown sold and conveyed to the complainant a tract of land (described in the complaint), including the church lot. It is further alleged that the church has

D. R. Boyd and Paul J. Hooton, Roanoke, for appellant.

determined "to vacate and remove from the tract of land * * * and no longer use same for church purposes"; that the church has "determined to erect or construct a new building at a separate and distinct location some one mile or more distance from the land * * * and has actually commenced erection or construction of such new building at such other location"; that respondents "propose, intend, and have publicly announced that the building on the tract of land * * * will be torn down"; and that "injury to or destruction of said building is and will be irreparable damage to complainant's right, title, interest and claim in and to said realty."

The prayer is for a decree enjoining the respondents "or any members of said Pleasant Hill Baptist Church, or their employees or agents, from injuring or destroying the building on said tract of land." There is also a prayer for general relief.

The respondents demurred to the bill, assigning eight grounds. The trial court rendered a decree sustaining the demurrer. Complainant prosecutes this appeal from that decree. One of the grounds of demurrer is as follows:

"2. Said bill does not set forth the entire deed that is recorded in Deed Record 56 Page 469 on November 13, 1933, in the office of the Judge of Probate of Chambers County by which the legality and effect of the restrictive clause in paragraph two of said bill can be tested by these demurrers as to its binding effect."

It appears that this is the ground on which the trial court based its decree, it being stated therein as follows:

"There are no exhibits attached to the bill of complaint, and the court cannot ascertain from the pleadings at hand whether or not the alleged reversionary clause in said deed is contrary to the granting or the habendum clauses in the deed.

"Upon consideration, the court is of the opinion that, while one or more grounds of the demurrer filed by the respondents may not be well taken, yet, in the opinion of the court, the demurrer of the respondents is well taken, when considered as a whole, and ought to be sustained. This court cannot speculate as to the wording and contents of the deed involved in this proceeding, and in which the alleged reversionary clause is written. It may well be that said alleged reversionary clause is an independent covenant, or a condition subsequent, or may be meaningless in that it may possibly be repugnant to the granting clause and the habendum clause in said deed."

Appellant takes the position that the question to be decided is whether "the restrictive clause set out is good or not". In appellees' brief the only point mentioned is with reference to failure of appellant to set out the entire deed in his bill, the argument being that "the court was unable to pass on the legality of the restrictive clause upon which relief is sought" because it is only from the entire instrument that the effect of the clause can be determined.

Appellant seems to recognize that the effectiveness of the reverter clause will necessarily be determined from a consideration of the entire deed but argues that it is not essential that it be set out in full in the bill; that on the trial the deed will be introduced in evidence and will then "be before the court for its consideration, construction and determination."

■■■ We need only to say that we are now dealing with the sufficiency of a bill on attack by demurrer. It is a cardinal principle of equity pleading that a bill, on demurrer, is construed most strongly against the pleader. And we state again the approved rule of equity pleading as announced in an opinion written by Mr. Chief Justice Stone in the case of McDonald v. Mobile Life Insurance Company, 56 Ala. 468, 470, and since adhered to, as follows:

"* * * Bills in chancery must set forth, not the evidence, but every material averment of fact necessary

to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree *pro confesso,* the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved are the only premises which will uphold a chancery decree. * * *"

See, also, Bobo v. Edwards Realty Co., 250 Ala. 344, 347, 34 So.2d 165; Majors v. Killian, 230 Ala. 531, 534, 162 So. 289; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 6, 121 So. 415; Roney v. Dothan Produce Co., 217 Ala. 475, 476, 117 So. 36, 37. In the Roney case it is said:

"The general rule of equity pleading is that 'a bill must set forth a copy or aver the terms of an instrument vital to plaintiff's demand.' * * *

* * * * * *

"We think it is a sound rule of pleading that, in every case where a party's right in suit, pro or con, depends directly and primarily upon a designated written instrument, the substance of the instrument should be stated in his pleading, or else it should be attached in copy, with appropriate reference. * * *"

We have held that courts, in construing conveyances, must ascertain and give effect to the intention and meaning of the parties, if not unlawful, such intent and meaning " 'to be collected from the entire instrument.' " Stratford v. Lattimer, 255 Ala. 201, 205, 50 So.2d 420, 422; Gentle v. Frederick, 234 Ala. 184, 186, 174 So. 606; Long v. Holden, 216 Ala. 81, 83, 112 So. 444, 52 A.L.R. 536; Code 1940, Tit. 47, §§ 17, 23. See, also, Slaughter v. Hall, 201 Ala. 212, 213, 77 So. 738; Code 1940, Tit. 47, § 14.

In Long v. Holden, supra, [216 Ala. 81, 112 So. 446] it is said:

"As often stated, the intention must be gathered from a fair consideration of the whole instrument * * *, or from its 'four corners.' "

 Since it is only from a consideration of the entire instrument that the parties' intention may be ascertained we are at the conclusion that ground 2 of the demurrer, supra, was well taken. "A demurrer is a single entity and if one ground is good a decree sustaining the demurrer should be affirmed." Faust v. Faust, 255 Ala. 370, 372, 51 So.2d 671, 672; Webb v. Lamar, 235 Ala. 533, 537, 180 So. 545.

The allegation "that said conveyance was recorded in Deed Book 56, page 469, on November 13, 1933, in the office of the Judge of Probate of Chambers County, Alabama", is not sufficient to make the deed a part of the bill. Oglesby v. Thomas, 245 Ala. 133, 135, 16 So.2d 320; Jones v. Caraway, 205 Ala. 327, 328, 87 So. 820.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.