133 So.2d 189

**L. G. HEWETT, d/b/a General Finance Co., et al.**

v.

**Joe McGASTER.**

**1 Div. 875.**

Supreme Court of Alabama.

Sept. 14, 1961.

Benj. H. Kilborn, Mobile, for appellants.

Tonsmeire & McFadden, Mobile, for appellee.

SIMPSON, Justice.

This is an appeal from a final decree of the Mobile Circuit Court in Equity, declaring a mortgage and foreclosure deed void. It appears from the pleading and decree that the ruling was rested on the conclusion that the mortgage was given on the homestead of the appellee without signature and assent of his wife, as required by our constitution and statute. The appeal challenges this ruling.

Appellee married Carrie McGaster in 1937 and purchased the subject property in 1944 as a homestead which was occupied by them until 1947, when Carrie McGaster moved away. The deed was made to Joe and Carrie, husband and wife, and was recorded also in 1944. Appellee continued to occupy the property until he was forced to move by appellant after having foreclosed the purported mortgage which was executed by appellee alone in January, 1956, without Carrie's signature or assent, duly acknowledged.

Section 205, Constitution 1901, provides, inter alia, that a mortgage or other conveyance of a homestead "by the owner thereof, if a married man shall not be valid without the voluntary signature and assent of the wife to the same". Section 626,

Title 7, Code 1940 as amended, is substantially to the same effect.

■ We entertain the view that the trial court ruled correctly in declaring the mortgage and foreclosure deed void. It has long been settled in this jurisdiction that the alienation of the homestead by the husband without the voluntary signature and assent of the wife, duly acknowledged, is void and inoperative for any purpose. Lazenby v. Lazenby, 229 Ala. 426, 157 So. 670, and cases there cited.

■ Nor does the fact that the wife was living separate and apart from him when the conveyance was made affect the status of the property. Since they were never divorced, Carrie is still Joe's wife. Baccus v. Eads, 209 Ala. 578, 96 So. 757; Carey v. Hart, 208 Ala. 316, 94 So. 298.

And the mere separation of husband and wife, regardless of the cause or duration, and even though she might have abandoned him without just cause, cannot be read into the statute and constitution as an exception not therein expressed. The statute makes the signature and assent of the wife essential. Freed v. Sallade, 245 Ala. 505, 17 So.2d 868. As noted in the Freed case, supra, some courts hold that a voluntary abandonment by the wife of the husband, assuming there was a valid marriage and no divorce, justifies the sale of the homestead by the husband without her signature, but such rule does not apply in Alabama. The mere separation of husband and wife, regardless of the cause or duration, under the statute makes the signature and assent of the wife essential to the validity of the alienation of the homestead.

It is noted that § 626, Title 7, Code 1940 was last amended by Gen.Act, 1951, p. 300, which seems to do away with the necessity of the separate acknowledgment of the wife in the alienation of the homestead, but this modification in no way affected the legal principle adverted to above or the decision of this case.

■ It is true as argued by appellant that where a husband seeks the cancellation of the mortgage or deed to the homestead property on the ground that the wife's signature and assent were not affixed to the instrument and shown to have been duly (separately) acknowledged, as the statute requires, the husband must offer to do equity by restoring the consideration that he received for the execution of the conveyance. Leonard v. Whitman, 249 Ala. 205, 30 So.2d 241, and cases cited. Here appellee did offer to do equity by his bill but he contended that first, he did not execute the mortgage, and second, that he had paid the appellant everything he owed on various notes and obligations he had given to the appellant. The evidence on these issues was in strict conflict and it was the prerogative of the trial court to decide this issue on this conflicting evidence in favor of appellee. In view of the favorable presumption attending the conclusion below we would be unwarranted in disturbing it.

■■ Appellant claims as error the failure of the trial court to establish an equitable lien on the lands for permanent improvements allegedly made by him on said property. The contention is without merit. In the absence of an applicable statutory provision, and there is none covering the instant situation, one who makes improvements on the land of another is not entitled to an equitable lien to secure the payment of the costs of improvements unless the person making the improvements was induced by fraud, duress, undue influence, or mistake of such character that he is entitled to restitution. Taylor v. Shaw, 256 Ala. 467, 473(16–17), 55 So.2d 502; Lee v. Menefield, 249 Ala. 407, 411, 31 So.2d 581. There is nothing in the record to show any of these circumstances existed so as to entitle the appellant to an equitable lien on the property. Appellant had knowledge or means by which with reasonable diligence he could have acquired knowledge of the infirmity of his title. Estoppel "cannot be invoked by one who, at the time the improvements were made, was acquainted with

the true character of his own title or with the fact that he had none". 19 Am.Jur. 788. There was evidence in the record which justified the court's conclusion that appellant knew of Carrie's being Joe's wife by certain testimony given by Joe. We can not put the court in error for failing to establish a lien in favor of appellant because he was not shown to be a bona fide occupant of the property, honestly supposing himself to be the true owner, and ignorant of the infirmity in his title. See also Gordon v. Tweedy, 74 Ala. 232(1); Gresham v. Ware, 79 Ala. 192, 199; Hoffman v. Jordan, 263 Ala. 23, 28–29, 81 So.2d 546.

 Appellant also argues that under our redemption statute (§§ 732 and 740, Title 7, Code 1940) he should be reimbursed for all the sums expended in making the improvements on the property. These sections deal with persons offering to redeem from a foreclosure sale entitling the purchaser to be reimbursed for the value of the permanent improvements. Rudisill v. Buckner, 244 Ala. 653, 656, 15 So.2d 333.

Here there was no redemption to be effectuated. On the contrary, the mortgage, and therefore the foreclosure deed to appellant, were void because of the failure of the wife to join in the execution of the mortgage on the homestead.

It is also argued that the court committed reversible error in overruling appellant's objections to questions asked appellee's witness Sanders, a licensed real estate broker, relative to the value of the lot in controversy. The matter of whether or not as a preliminary proposition the witness was shown to be qualified addresses itself to the discretion of the trial court and its ruling thereon, which will not be reversed unless it clearly appears that the ruling was prejudicially erroneous and worked injury to the appellant's cause. The record shows the witness had some knowledge of the property and some opportunity to form an opinion and no reversible error is made to appear in the overruling of the stated objection. Southern Elec. Generating Co. v. Liebacher, 269 Ala. 9, 110 So.2d 308; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594.

Nor did the fact that the witness testified to the value of the property some time after the execution of the mortgage affect the admissibility of the testimony. He stated the value of the property had not decreased or increased during the interim but was the same. Verner v. Mosely, 221 Ala. 36, 40, 127 So. 527.

In the view we take of the case, further comment seems to be unnecessary.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.