133 So.2d 237

Vergil L. BEDSOLE et al.

v.

C. Wilmer BEDSOLE et al.

4 Div. 79.

Supreme Court of Alabama.

Sept. 21, 1961.

A. A. Smith, Hartford, for appellants.

Jas. W. Kelly, Geneva, for appellees.

## LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill in equity.

The bill seeks the sale, for division of proceeds, of a tract of land in Geneva County which is alleged to be owned in equal parts by the complainant C. Wilmer Bedsole and the respondents, Vergil L. Bedsole, Blanche Bedsole Woods, and George Bedsole, Jr., subject to the homestead and dower interests of the complainant Banney L. Bedsole.

It is averred in the bill that the complainant Banney L. Bedsole desires that the property be sold.

The bill prays, in substance, that the land be sold; that the homestead and dower interests of the complainant Banney L. Bedsole be ascertained and paid to her in cash out of the proceeds of the sale; that certain costs, including attorney's fee, be paid out of the proceeds of the sale; and that the remainder be distributed among the complainant C. Wilmer Bedsole and the respondents.

■ Cotenancy is an indispensable element of compulsory partition for a sale for division and a remainderman cannot maintain a bill for sale for division against a life tenant. Ganus v. Sullivan, 267 Ala.

16, 99 So.2d 204; Mizell v. Walley, 253 Ala. 302, 44 So.2d 764.

But we have approved bills for sale for division where the widow joins with an heir or remainderman in seeking to have lands sold for division to divide the proceeds among the owners of the fee after payment to the widow of her homestead and dower interests. Tipton v. Tipton, 268 Ala. 497, 108 So.2d 348; Compton v. Cook, 259 Ala. 256, 66 So.2d 176.

The complaint in each of the cases just cited contained allegations of fact going to show the extent of the homestead and dower interests of the widow.

■ No such facts are averred in the bill presently under consideration. It simply avers that the complainant Banney L. Bedsole "has a homestead and dower interest in and to the above described real estate." Such averment is not sufficient to enable the court to distribute the proceeds of the sale between the complainant Banney L. Bedsole and the other parties to the suit who, as we have shown above, each allege to own an undivided one-fourth interest in the fee. See McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Stephens v. Pleasant Hill Baptist Church et al., 264 Ala. 394, 88 So.2d 570, and cases cited.

■■ Homestead exemptions and dower are determined by the statutes in force at the time of the husband's death. Tipton v. Tipton, supra. This bill does not even allege that the complainant Banney L. Bedsole ever had a husband, much less aver the time of his death. It is well established that in a bill to sell land for division, the interest of each joint owner and tenant in common must be alleged so that the court can know how to distribute the proceeds of the sale. Case v. Pfaffman, 253 Ala. 511, 45 So.2d 453; Finlay v. Kennedy, 250 Ala. 33, 32 So.2d 883; Martin v. Cannon, 196 Ala. 151, 71 So. 996.

The same reasoning applies where the dower and homestead interests are involved. Cf. Finlay v. Kennedy, supra.

As we have shown, the present bill fails to aver facts going to show the homestead and dower interests claimed by the complainant Banney L. Bedsole.

The infirmity was pointed out by the demurrer and the trial court erred in overruling the demurrer.

The decree of the trial court is reversed and one is here rendered sustaining the demurrer. The cause is remanded and complainants are given twenty days after the decree of this court reaches the register of the Circuit Court of Geneva County within which to amend if they are so advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.