This appeal is from a judgment rendered in an action for the sale of land and division of the proceeds.
Andrew J. Lovell died intestate in 1955 owning two lots in the Belew Highland Subdivision in Lauderdale County. Title to this property passed to Lovell's four children, subject to the dower interest of his widow, Etha Mae Lovell. Code 1975, §43-3-1.
The appellees are three of Andrew J. Lovell's children, Patsy Marie Lovell Davis, Wanda Inez Lovell Beadle and Marty Lovell. The appellants, Jerry and Linda Gail Michael, acquired the interest of the fourth child, Roger Andrew Lovell, and the widow, Etha Mae Lovell, by a sheriff's deed executed on November 2, 1977. Neither Roger Andrew Lovell nor Etha Mae Lovell are parties to this action.
The appellees filed this action for sale of the property alleging that they each owned a 1/4 undivided interest and that the appellants owned an undivided 1/4 interest.
The appellants filed an answer and counterclaim asserting that they owned all of the interest in the property. Alternatively they allege that if mistaken, and if the court determines that they are tenants in common with the appellees, then appellants should be reimbursed for monies spent on improving the lots.
The circuit court entered judgment finding that the appellees each owned an undivided 1/4 interest and that the appellants owned a 1/4 undivided interest. Inexplicably, there was a finding that the widow, Etha Mae Lovell has an "inchoate dower" interest in the entire two lots of land. The court ordered a sale of the property subject to the dower interest. The appellants purchased the property at the sale for $1,000.00. *Page 306 
The appellants contend the trial court erred in its finding of dower interest in the widow and in failing to allow them reimbursement for the value of the improvements.
The general rule is that heirs cannot have partition pending the paramount right of the widow to quarantine, dower or homestead. Hamby v. Hamby, 165 Ala. 171, 51 So. 732 (1910);Aniton v. Robinson, 273 Ala. 76, 134 So.2d 764 (1961). There is no tenancy in common and thus no sale for division where one is a tenant for life, while the others are reversioners or remaindermen of the whole. Street v. Watts, 202 Ala. 622,81 So. 564 (1919). This Court has approved sales for division where the widow joins with an heir or remainderman in seeking to have land sold to divide the proceeds among the owners of the fee after payment to the widow of her homestead and dower interest. Bedsole v. Bedsole, 272 Ala. 589, 133 So.2d 237
(1961). Such is not the case here because the widow is not a party to this action.
There was no contention at trial by any of the parties, so far as the record discloses, that Etha Mae Lovell had any interest in the property whatsoever. Apparently the parties conceded that the sheriff's deed, which is complete and regular on its face, operated to divest the widow of her interests. Code 1975, § 6-9-140, provides that a sale regularly made by virtue of judicial process, issuing from a court of competent jurisdiction, shall convey the title as effectively as if the sale was made by the person against whom the process issues. If the judgment against Etha Mae Lovell and the resulting sale were in any way defective, it is not made to appear in the record before us. Code 1975, § 6-9-147, provides a way to set aside execution or judicial sales if there is irregularity. The record indicates no such effort. Thus, we must conclude that the evidence is insufficient to support a finding of dower and the judgment must be reversed to that extent. What we have said here in no way affects any interest the widow might have in the property, as she is not a party to this suit.
The second issue raised by the appellants is that the trial court erred in refusing to allow them reimbursement for the amount they spent improving this property. Appellants contend that they cleared the property under the mistaken belief that they were the owners in fee simple and that under the "good faith" test enunciated in Ferris v. Montgomery Land Improvement Co., 94 Ala. 557, 10 So. 607 (1891), they are entitled to be reimbursed for their expenditures.
The "good faith" element is an essential element for an improving cotenant who seeks to recover the value of improvements from other cotenants, but the most recent statement of law in this regard is set out in Smith v. Persons,285 Ala. 48, 228 So.2d 806 (1969).
 "[C]ompensation for improvements erected on land will be allowed the improving cotenant only when he was without knowledge of any outstanding interest and, bona fide, believed himself to be the owner of the property." 285 Ala. at 56, 228 So.2d at 812-13.
The evidence was undisputed that Jerry Lindon Michael was apprised of adverse ownership interests prior to the clearing operations on this property. Although the Michaels believed that they owned the property and the clearing operations were undertaken in good faith, they had actual notice that at least one of the appellees claimed an interest in this property. Therefore, they are not entitled to reimbursement for the costs of these improvements.
For the reasons noted above, the judgment is affirmed in part, reversed in part and remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur. *Page 307