This is a property redemption case.
In September 1978 the First National Bank of Mobile obtained title to a 440 acre tract of land in Jackson County through foreclosure. Roy C. McCloud purchased the same property at a tax sale in June 1980. He received a tax deed, subject to the bank's right of redemption, in June 1983. See, § 40-10-120, Code 1975. The trial court herein declared the tax sale and the tax deed void because the probate court had followed improper procedure. McCloud does not challenge this finding on appeal.
On November 27, 1984 the bank notified McCloud in writing that it was reviewing the status of the property for purposes of redemption and requested an itemized breakdown of the redemption amount. Rather than supplying the requested information, McCloud submitted a counterproposal to the bank on December 4, 1984. In his counterproposal McCloud agreed to deed his interest in 360 acres of the land to the bank in exchange for the bank's interest in the remaining eighty acres. McCloud executed a deed to the 360 acres and attached this deed to his proposal. However, he expressly conditioned validity of that deed on the bank's delivery to him of a deed to the remaining eighty acres. The bank did not reply to McCloud's counterproposal.
In early 1985 Joe Slay approached McCloud about the possibility of repairing an old house located on the eighty acres McCloud had "reserved." Thereafter McCloud, with Slay's assistance, began to make extensive improvements on the property. In addition to repairing the house, McCloud rebuilt a deteriorating barn, resurfaced an access road, and cleared some of the land for cultivation.
Meanwhile the First National Bank of Mobile merged with AmSouth Bank in August of 1985. AmSouth thereby obtained First National's right of redemption on the property. Section40-10-120, Code 1975, provides that a property owner may redeem his property at any time within three years after issuance of the tax deed. Van Meter v. Grice, 380 So.2d 274 (Ala. 1980). On May 30, 1986, two weeks prior to expiration of the three year period, AmSouth elected to exercise its right of redemption. In accordance with statutory procedure, AmSouth tendered to the Jackson County Revenue Commissioner all back taxes due, together with six percent interest thereon, and requested the commissioner to issue a certificate of redemption. After the commissioner failed to issue the certificate of redemption, AmSouth brought suit against McCloud. McCloud counterclaimed, asking the court to declare him to be the rightful owner of the property or, in the alternative, to award him "just and adequate compensation" for the improvements he made while in possession of the property.
At trial McCloud apparently abandoned his claim to rightful ownership and admitted that AmSouth had the right to redeem the property. However, he presented extensive evidence of the cost of the improvements. The trial court, in an order issued June 28, 1988, awarded McCloud $5,667.15 in back taxes and interest but rejected his claim for compensation for the improvements. McCloud appeals that portion of the judgment denying compensation for the improvements. We affirm.
Under the strict rule of common law, one who did not own real property could never recover for improvements he inadvertently made thereon. Gordon, Rankin Co. v. Tweedy, 74 Ala. 232
(1883). Gradually, an equitable rule of set-off developed to ameliorate the sometimes harsh results of the common law rule. That exception allows compensation for improvements on real property made by a non-owner when the one making the improvements (1) bona fide believed himself to be the owner of the property and (2) was without actual knowledge of any outstanding interest. Smith v. Persons, 285 Ala. 48,228 So.2d 806 (1968). These two requirements *Page 77 
are intertwined. For example, a person who has actual knowledge of another person's outstanding interest in a piece of property cannot maintain an honest and bona fide belief that he owns that property.
In the case at bar McCloud apparently "believed" that he owned the eighty acre tract. At the same time, McCloud had actual knowledge of AmSouth's right of redemption prior to making any improvements on the property. McCloud knew that, at any time prior to expiration of the three year period, AmSouth could assert this right and divest him of any interest in the property. The law is well settled that one who has actual knowledge of an adverse claim to real property is not entitled to compensation for improvements made to the property after he acquired such knowledge. Michael v. Davis, 372 So.2d 304 (Ala. 1979); Sims v. Sims, 273 Ala. 103, 134 So.2d 757 (1961).
McCloud asserts that he did not have actual knowledge of AmSouth's interest until AmSouth began actual redemption proceedings. He argues that the letter notifying him of the bank's right of redemption was insufficient to put him on notice of the claim because it did not indicate that the bank intended to exercise its right. We find no merit in this argument. As long as one has a right to redeem, he may exercise that right at any time. Once McCloud knew of AmSouth's interest in the property, he knew that AmSouth could, at any time prior to the expiration of the three year period, assert that interest and redeem the property. Were we to accept McCloud's position, we would force a property owner to either redeem his property immediately upon issuance of a tax deed or risk having to pay the holder of the tax deed for extensive improvements upon redemption. We do not perceive this to be the intention of our property redemption statutes.
Finally, McCloud contends that AmSouth perpetrated a fraud on him in that it failed to respond to his counterproposal and did not contact him again prior to exercising its right of redemption. A person who is induced by fraud, duress, or undue influence to make improvements on the land of another is entitled to restitution. Hewett v. McGaster, 272 Ala. 498,133 So.2d 189 (1961). Without discussing the rather dubious merits of McCloud's fraud claim, we note that McCloud did not raise the issue, by pleading or otherwise, at trial. This court will not consider an issue raised for the first time on appeal.Carter v. Smith, 402 So.2d 1017 (Ala.Civ.App. 1981).
The trial court did not err in refusing to grant McCloud compensation for improvements made to the property. Its decision is due to be, and hereby is, affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.