The plaintiffs, Robert E. Prince and his wife Carolinda L. Prince, appeal from a summary judgment in favor of the defendants, Margaret I. Crow and Betty P. Kamphius, as executrixes of the estate of Helen Warder.
In January 1982, Helen Warder conveyed, by a vendor's lien deed, a large tract of land to Gary L. Breen. Breen subdivided the land into smaller parcels. In March 1982, one of the smaller parcels was conveyed to the Princes. The deed from Breen recited that the conveyance was subject to the "[v]endor's lien granted in deed from Helen S. [Warder] to the Grantor [Breen], . . . which Grantor hereby agrees to pay as the installments thereon fall due." In April 1982, Breen conveyed the remainder of the property to Dorothy Caron; Caron assumed the Warder vendor's lien and was assigned Breen's vendor's lien from the Princes.
The Princes purchased another parcel from Caron in September 1982. After Caron's death in February 1987, the Princes purchased two more parcels from her estate, one in June 1987 and another in June 1988. All deeds from Caron and, later, her estate recited that the conveyance was subject to the Warder vendor's lien. In January 1988, the Caron estate defaulted on the Warder vendor's lien, and the Warder estate foreclosed on its lien in December 1988.
The Princes sued Crow and Kamphius, as executrixes of the estate of Helen Warder, seeking to impose an equitable lien against the property for improvements alleged to *Page 162 
have been made before foreclosure.[1] The Warder estate filed a motion for summary judgment, which was granted, and a summary judgment was entered in favor of Crow and Kamphius as executrixes of the estate of Helen Warder. The Princes appealed to this Court.
A party is entitled to a summary judgment upon a showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a trial court's entry of a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Brothers Lincoln-Mercury, Inc.,583 So.2d 256 (Ala. 1991). The movant must carry his burden by presenting "substantial evidence." " 'Substantial evidence' is 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' " West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
In opposition to the motion for summary judgment, Robert E. Prince filed an affidavit that averred that he had made improvements in good faith. He stated that the improvements, which he valued at approximately $31,000, were made under the mistaken impression that payments were being made on the underlying indebtedness. He also alleged that the defendants had been aware of the purchase by the Princes of the several parcels and that the defendants had been aware of the improvements made by the Princes. Mr. Prince stated:
 "I personally saw the Defendants drive by the . . . properties on numerous occasions prior to the foreclosure at which time they actually saw me working on the property and making improvements to said property. I saw each of the Defendants on several occasions, and, in fact, the Defendants and I waved to each other on several of these occasions."
The issue in this case is whether the Princes, the purchasers of property that was subject to an underlying vendor's lien, can withstand a motion for summary judgment on a claim for an equitable lien on the property, when it is uncontroverted that the purchasers had knowledge of the underlying vendor's lien and that the estate of Helen Warder, the holder of the underlying vendor's lien, is alleged to have had knowledge that improvements were being made.
Vendor's liens are of three kinds: (1) a lien imposed by law in favor of a vendor who conveyed his property without taking a security interest for the payment of the purchase price; (2) a lien reserved by express contract, otherwise described as a "grantor's lien by express reservation"; and (3) "the so-called lien which a vendor has before conveyance and which consists of his retention of title as security for the performance of the contract by the vendee." Wingard v. Randall, 269 Ala. 420, 425,113 So.2d 674, 677-78 (1959). The Warder vendor's lien was expressly reserved in the deed from Warder to Breen.
 " 'Such a reserved lien is regarded as partaking of the nature of an equitable mortgage.' . . . [W]e recognize no material difference between a vendor's lien and a mortgage in their serving as security for a debt. Both are given in return by the grantee as a part of the contract for the conveyance of the property to secure the unpaid balance of the purchase money."
Sims v. Moore, 288 Ala. 630, 637, 264 So.2d 484, 489 (1972). For purposes of this case, the Warder vendor's lien will be treated as if it were an existing mortgage at the time the Princes purchased their parcels from Breen and later Caron and the Caron estate.
The Princes sought an equitable lien for the value of improvements made to the *Page 163 
parcels before foreclosure. The imposition of an equitable lien has been limited to three situations in Alabama:
 "(1) [It may be had] where an improver, acting in good faith and under the mistaken belief that he owns the land, makes improvements on the land of another, being induced to do so by 'fraud, duress, undue influence, or mistake of such character that he is entitled to restitution,' Hewett v. McGaster, 272 Ala. 498, 133 So.2d 189 (1961) (citing earlier cases); (2) where the true owner of land makes a demand for the rents and profits, a bona fide occupant under a claim of title who has made valuable improvements on the land is entitled to compensation by way of set-off against the rents or profits accruing during his occupancy, Gresham v. Ware, 79 Ala. 192 (1885); and (3) where a true owner brings an action to recover possession of land, the defendant may recover for permanent improvements by way of set-off against the value of the use and occupation of the land, upon the defendant's suggestion and proof of adverse possession for three years preceding the complaint, Ala. Code 1975, § 6-6-286."
Manning v. Wingo, 577 So.2d 865 (Ala. 1991). The Princes claim that they were are entitled to equitable relief under the first situation. They allege that because the defendants did not tell them about the default of the Caron estate, they were mistakenly led to believe that the debt secured by the Warder lien was being paid. The only inducement to continue to improve the property alleged by the Princes is that Crow and Kamphius, as executrixes of the Warder estate, did not tell the Princes that the Caron estate was in default prior to foreclosure, and that Crow and Kamphius had knowledge that the Princes were continuing to improve the property during this time.
This Court has stated that mere passive conduct is not sufficient to entitle an improver to equitable relief.Costanza v. Costanza, 346 So.2d 1133, 1136 (Ala. 1977). Without active inducement by Crow and Kamphius, and the Princes have not presented evidence sufficient to show such inducement, the Princes are not entitled to an equitable lien as described inHewett v. McGaster, supra.
Manning v. Wingo, supra, established that an equitable lien may be proper in order "[t]o prevent such unjust enrichment . . . and to do equity between the parties" when the improver of the property, mistakenly and in good faith, believes he owns the property. Manning, 577 So.2d at 869 (citing Somerville v.Jacobs, 153 W. Va. 613, 629, 170 S.E.2d 805, 813 (1969)). InManning, the "improvers" had purchased property from the alleged beneficiary of an estate during a will contest. Under the circumstances of the case, the Wingos had reason to believe that the will contest would not affect their ownership of the property, and they made improvements to the property. This Court held that, under the circumstances, the Wingos were entitled to the value of their improvements.
The present case does not fall within the limited uses of equitable liens in Alabama and does not present the compelling circumstances found in Manning. In this case, the Princes were fully aware that their deed was subject to the underlying vendor's lien, meaning that if the underlying lien was not paid, the estate of Helen Warder could foreclose upon the larger tract. The only indication that Crow and Kamphius were aware that the Princes were making improvements after the default by the Caron estate, but before foreclosure, was the statement by Mr. Prince that, while working on the property, he had seen them drive by the property and that they had waved to him.
The facts, when viewed in a light most favorable to the non-movants, the Princes, reveal that the Princes were not misled by active conduct of Crow and Kamphius into improving the property. Also, the Princes did not believe in good faith that they could not be divested of the property, as did the Mannings. The Princes were aware that their continued ownership required that the Caron estate continue to pay the debt secured by the lien held by the Warder estate. They were not misled, and the circumstances *Page 164 
are such that they cannot claim that in good faith they believed otherwise. Under the circumstances, we find that the Princes have failed to offer substantial evidence that they are entitled to the value of their improvements through the remedy of an equitable lien.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] The Princes also sued Frank Caron, Frank Caron, Jr., and Thomas Langan, alleging fraud, which consisted of accepting money from the Princes while concealing the fact that the underlying debt secured by the vendor's lien was not being paid. A settlement was reached between these parties, whereby the Princes received $125,000 for the alleged fraud, and that portion of the action was dismissed.