COOK, Justice.
This case began as an action for the partition of jointly owned real property or for the sale of that land and a division of the proceeds.
Robert Laired and Anita Salata are brother and sister. They were devised an undivided life estate in 11.43 acres by their aunt. Robert has 5 children and Anita has 4 children. All of the children have reached the age of majority. Laired and Salata’s children were devised the remainder interest in the property. Thus, there are 11 persons with interests in this estate: 2 holders of life estates and 9 remaindermen. Approximately 28 years before this litigation was commenced, Robert and Anita each built a house on the property. They reared their children there and each operated a small business out of the home. According to the parties, they shared a common driveway, but maintained separate homesites.
Eventually, disputes arose between them, and Robert, as the owner of an undivided fractional interest in a life estate, and his five children, as owners of undivided interests in the remainder, joined to sue Salata and her children, seeking a sale of the property and a division of the proceeds, alleging that the land could not be equitably divided. The trial court, however, granted the defendants’ motion for summary judment, relying on Blue Lands Development, Inc. v. Broadus, 396 So.2d 69 (Ala.1981). That case states:
“The issue presented: Absent consent of a life tenant, can a cotenant (joint owner of a vested remainder interest in real property) maintain an action to partition or sell for [division of the proceeds] pursuant to Code 1975, § 35-6-20, subject to the existing life estate?
“The trial court answered this question in the negative, dismissing the suit for partition or sale for division of the proceeds. We affirm on the authority of Chapman v. York, 208 Ala. 274, 94 So. 90 (1922). See, also, Bedsole v. Bedsole, 272 Ala. 589, 133 So.2d 237 (1961); and Michael v. Davis, 372 So.2d 304 (Ala.1979).”
Blue Lands Development, Inc. v. Broadus, 396 So.2d 69, 69-70 (Ala.1981). We reverse and remand.
In Michael v. Davis, 372 So.2d 304 (Ala.1979), this Court noted:
“There is no tenancy in common and thus no sale for division where one is a tenant for life, while the others are reversioners or remaindermen of the whole. Street v. Watts, 202 Ala. 622, 81 So. 564 (1919). This Court has approved sales for division where the widow joins with an heir or remainderman in seeking to have land sold to divide the proceeds among the owners of the fee after payment to the widow of her homestead and dower interest. Bedsole v. Bedsole, 272 Ala. 589, 133 So.2d 237 (1961).”
Michael v. Davis, 372 So.2d at 306 (emphasis added). It is clear from Michael v. Davis that remaindermen alone can not initiate an action against the holder of a life estate for a partition of property. It is also equally clear that the owner of the life estate can join with one of the remaindermen to force a sale of the property.
In Hicks v. Hicks, 348 So.2d 1368, 1370-71 (Ala.1977), Justice Bloodworth, concurring specially, wrote:
“For over 90 years the following two propositions have been fully settled principles of law in this State.
“1. A life tenant in the entire property and the remaindermen (owners of the fee) are not joint tenants or tenants in common and neither can bring an action against the other for the partition [or] sale [of the property] for division....
“2. A life tenant in a fractional interest in the property and the other owner, of the remaining fractional life estate and the remainder, are joint tenants or tenants in common and either can bring an action against the other for the partition [or] sale for division....”
*67 “Gayle v. Johnston, 30 [80] Ala. 395 (1885) (per Stone, C.J.); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971) (per Coleman, J.); Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972) (per McCall, J.); Duncan v. Johnson, 338 So.2d 1243 (Ala. 1976) (per Clark, S.C.J.).
Robert Laired and Anita Salata are joint tenants with respect to each other. Robert’s children and Anita’s children are joint tenants with respect to each other, but they are not joint tenants with Robert or Anita. It is clear that Robert alone cannot force a partition of this property. It is also equally clear that Robert’s children, acting alone, cannot force a partition of this property.
Robert, as a holder of a present interest in the property, and his children, as holders of a future interest in the property, have joined to sue for a sale of the property for a division of the proceeds. Robert and his children stated in them brief to the trial court that they would willingly “execute a deed to formally combine the fractional life tenancy and a remainder interest, if deemed necessary ... to fairly accomplish the relief requested.” Appellants’ brief, at 7.
We conclude that the formality of executing a deed is not required where, as here, the holder of a present interest joins with the holder of a future interest to sue for partition or sale for division. The trial court’s interpretation of Blue Lands Development, Inc. v. Broadus, 396 So.2d 69 (Ala. 1981), is misplaced. In Blue Lands, the issue was whether a joint owner of a vested remainder can sue for partition without the consent of a life tenant. As stated by Justice Bloodworth in Hicks, supra, in paragraph 1, the answer is “no.” Blue Lands does not stand for the proposition that all holders of a life estate must consent before the property can be partitioned or sold for division of the proceeds. See paragraph 2 of Justice Blood-worth’s special opinion in Hicks.
For the foregoing reasons, the judgment of the trial court is reversed and the ease is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and INGRAM, JJ., concur.
MADDOX, J., dissents.