CRAWLEY, Judge.
In November 1992 Josefa Terry filed a complaint to set aside a conveyance made in 1991 by her husband, Grady L. Terry, now deceased, to his daughter, Janet Terry Pielach, and her husband, Frank S. Pielach, Jr. Mrs. Terry alleged that the conveyance violated Ala.Code 1975, § 6-10-3. Following ore tenus proceedings, the trial court ruled *153 that the conveyance was valid and that Mrs. Terry had abandoned her homestead interest in the property. Mrs. Terry appealed, and the Supreme Court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7.
Mrs. Terry argues on appeal that the trial court erred in not setting aside the conveyance. She contends that the property is homestead property and that she did not sign the deed or assent to the conveyance as required by Ala.Code 1975, § 6-10-3. She further argues that she did not abandon her homestead interest in the property.
Mr. and Mrs. Terry were married in 1969 in Illinois. In 1977 Mr. Terry retired and moved to Alabama to the subject property. Mrs. Terry moved to Alabama the following year. She testified that she moved back to Illinois in 1985 to care for a sick family member, and she is now currently a resident of Illinois. Mrs. Terry stated that she and Mr. Terry alternately visited one another, and each would stay for several weeks, until Mr. Terry’s health deteriorated. She visited him while he was ill, but she stated that she was too ill to attend his funeral. Mrs. Terry further testified that she and Mr. Terry each contributed money to build the house in Alabama. The real property on which the house is located was deeded to Mr. Terry by another daughter in 1988. Mr. Terry claimed a homestead exemption on the property from 1988 to 1992. Mr. Terry deeded the property to the Pielaches in 1991, and their son currently occupies the property. The deed is signed only by Mr. Terry, and he is listed as “Grady L. Terry, a single man.” Mrs. Terry currently resides in Illinois.
Mrs. Terry argues that the conveyance violates Ala.Code 1975, § 6-10-3, which states:
“No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband and wife, which must be shown by his or her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to, such mortgage, deed, or other conveyance, which certificate must be substantially in the form of acknowledgment for individuals prescribed by Section 35-4-29.”
We must first determine if the conveyed property is “homestead” property pursuant to Alabama law and if Mrs. Terry is entitled to the protection of the homestead provisions.
It is undisputed that Mr. Terry claimed the homestead exemption for the property for all the years he owned the property and that the property was his actual residence. Thus, the property is protected by the homestead exemption. See Gardner v. Roberts, 565 So.2d 638 (Ala.Civ.App.1990). The Pielaches contend that Mrs. Terry abandoned any homestead interest she has in the property by permanently moving to Illinois in 1985. Our Supreme Court has long recognized that “a widow’s right to a homestead interest will not be defeated by her departure from the property after her interest has vested,” as long as the husband occupied the property at his death. Gowens v. Goss, 561 So.2d 519, 522 (Ala.1990). Mr. and Mrs. Terry were married for 16 years before she moved back to Illinois. “The mere fact [Mr. and Mrs. Terry] afterwards lived apart, she leaving his domicile, would not deprive her of her homestead rights which accrue from the marriage contract and relation. They were never divorced, and she is therefore his widow.” Baccus v. Eads, 209 Ala. 578, 579, 96 So. 757, 758 (1923). Therefore, Mrs. Terry’s having a separate residence in Illinois does not constitute an abandonment of her homestead interest in the property where Mr. Terry resided at the time of his death.
We conclude that the trial court erred in not setting aside the conveyance Mr. Terry made of his homestead property to the Pielaches, because Mrs. Terry did not sign the conveyance and did not assent to the conveyance. Ala.Code 1975, § 6-10-3. Therefore, we reverse the judgment of the trial court and remand the cause for an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.