Josefa Terry sued Janet Terry Pielach and her husband Frank S. Pielach, alleging that a property conveyance from Josefa's now deceased husband, Grady L. Terry, to Janet and Frank was void under § 6-10-3, Ala. Code 1975. After ore tenus proceedings, the trial court held that the conveyance was not void under § 6-10-3, because, it held, Josefa had abandoned her homestead interest in the property. The Court of Civil Appeals disregarded the facts found by the trial judge in the ore tenus proceedings and reversed, holding for Josefa. See Terry v.Pielach, 681 So.2d 152 (Ala.Civ.App. 1995). We granted certiorari review in order to determine whether Josefa had a valid homestead interest.
We note that under the ore tenus standard of review, the trial court's findings of fact based on oral testimony, and a judgment based on those findings, are given a presumption of correctness. A judgment based on such findings will not be reversed unless it is shown to be plainly and palpably wrong.Federal Home Loan Mortgage Corp. v. Bates, 644 So.2d 925
(Ala. 1994). The appellate courts are not allowed to substitute their own judgment for that of the trial court if the trial court's decision is supported by reasonable inferences to be drawn from the evidence. Ex parte Kent Corp., 641 So.2d 242
(Ala. 1994). The reason for giving such *Page 155 
deference to the trial judge's findings based on disputed evidence in ore tenus proceedings is that the trial judge has the benefit of observing the witnesses' manner and demeanor and has the better opportunity to pass upon the credibility of their testimony. Charles Israel Chevrolet, Inc. v. Walter E.Heller Co., 476 So.2d 71 (Ala. 1985).
Josefa and Grady were married in 1969 in Illinois. In 1977, Grady retired and moved to Alabama, where the property in question was located. The following year, Josefa also moved to Alabama. However, Josefa moved back to Illinois in 1985. In 1988, the property was deeded to Grady by another family member. In 1991, Grady deeded the property to his daughter and son-in-law, Janet and Frank Pielach.
At trial, Josefa contended that the property was homestead property and that she did not sign the deed or assent to the conveyance to Janet and Frank, as is required by § 6-10-3.
The trial court found that Josefa had lived with Grady sporadically after he returned to Alabama, but that she did not occupy the residence in issue with Grady after he acquired it in 1988. The trial court found that Josefa voluntarily left Alabama and established a residence in Chicago, Illinois. The trial court also found that although Josefa briefly visited Grady before his death in 1992, she had failed to demonstrate any intent to return to Alabama after leaving in 1985. The record bears out that she did not attend Grady's funeral and that she has not returned to the state except for this proceeding. The trial court held that the evidence demonstrated a fixed intent on Josefa's part to abandon any interest she might have had in the property, by her permanent residency in Illinois and her absence from Alabama for approximately seven years before filing this action and nine years before these proceedings took place.
In Gowens v. Goss, 561 So.2d 519 (Ala. 1990), the wife had waited 17 years to assert rights in the property. We held that the wife had lacked an intention to return to the property and to claim it as her homestead, and, thus, that Alabama law, which provides that the owner may not alienate the homestead without the voluntary signature and assent of the spouse, was inapplicable. Josefa voluntarily left the state seven years before Grady's death and established a permanent residence elsewhere; her actions constitute more than a temporary absence from the property.
The Court of Civil Appeals erroneously substituted its judgment for that of the trial court, because the trial court's finding that Josefa had abandoned her homestead interest, based on disputed evidence, was amply supported by the record. We must reverse the judgment and remand this case to the Court of Civil Appeals for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.