806 So.2d 1267 (2001)
In the Matter of ANONYMOUS, a minor.
2000884.
Court of Civil Appeals of Alabama.
June 8, 2001.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App.P.; and Ex parte Anonymous, 803 So.2d 542 (Ala.2001).
*1268 CRAWLEY and PITTMAN, JJ., concur.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur specially.
YATES, Presiding Judge, concurring specially.
I concur specially. I write to note that on June 1, 2001, in Ex parte Anonymous, 803 So.2d 542 (Ala.2001), the Alabama Supreme Court for the first time applied the ore tenus rule[1] to the undisputed testimony in an abortion case. This court has over the years carefully considered each case that has come before it in light of the legislative mandate of § 26-21-4, Ala.Code 1975, and the undisputed testimony presented at a hearing. The issue is whether a minor should receive a judicial waiver of parental consent based on her maturity and on whether she was well-informed enough to make the decision on her own or whether such a waiver would be in her best interest. The characterization in Ex parte Anonymous of the appellate courts' review as an "almost knee-jerk reflex tending to allow parental-consent waivers" appears to be based on a mere recitation of the cases involving this issue decided by the appellate courts of this state rather than an in-depth review of the facts and the law applicable when those cases were decided.
Ex parte Anonymous expanded the requirements beyond the legislative mandate of § 26-21-4, so that now a minor must consult with the physician who is to perform the abortion before she seeks a judicial parental-consent waiver, that there be testimony regarding the minor's knowledge of the psychological effects of undergoing an abortion, and that the minor prove that her parents "would react inappropriately to the news of her pregnancy or that their input would not be in her best interest."[2] As a result of this judicial expansion of § 26-21-4, and the application of the ore tenus rule, a minor appealing a trial judge's denial of an application for a judicial waiver of parental consent will meet an impossible hurdle. I cannot conceive of any fact situation where a minor would be able to overcome the trial judge's denial of the waiver.
I want to be perfectly clear that I have a tremendous amount of respect for the trial judges of this state and the job they do. However, these cases will no longer require the thoughtful judicial review I have seen this court give over the years in deciding these hard cases; I am afraid Ex parte Anonymous will result in this court's merely giving a stamp of approval to any one trial judge's view on this very difficult issue.
The law in Alabama as to judicial bypass actions changed on June 1, 2001. I took an oath of office to uphold the law. As a result, taking into consideration the more stringent standards imposed by the Supreme Court on June 1, 2001, I concur.
THOMPSON, Judge, concurring specially.
I concur with the majority's decision to affirm the judgment of the trial court without an opinion. I write only to respond to Presiding Judge Yates's special concurrence; I do not agree with many of *1269 her characterizations of the Supreme Court's decision in Ex parte Anonymous, 803 So.2d 542 (Ala.2001). There are many factors for a trial judge to consider in assessing a minor's maturity and how well-informed she is regarding the abortion procedure, or in determining whether a waiver is in the minor's best interests. I have faith in the ability of the trial judges of this state to make these tough decisions, and I support giving their decisions deference, because a trial judge is in a better position to evaluate the petitioner than is an appellate court. However, the Supreme Court's decision requires the appellate courts of this state to reverse a trial court's decision when the denial of a waiver of parental consent is "plainly erroneous and manifestly unjust." See Ex parte Anonymous, 803 So.2d at 547.
MURDOCK, J., concurs.
NOTES
[1] The ore tenus standard of review gives a presumption of correctness to a trial court's judgment based on findings of fact that are, in turn, based on disputed oral testimony. Ex parte Pielach, 681 So.2d 154 (Ala.1996).
[2] See Matter of Anonymous, 803 So.2d 529 (Ala.Civ.App.2001).