I believe that this petition for a writ of certiorari is being denied because it was sought by the guardian ad litem for the child in the dependency determination reviewed by the Alabama Court of Civil Appeals. The guardian ad litem petitioner was not a party to the appeal to the Court of Civil Appeals of the juvenile court's determination that the minor child was dependent. Pursuant to Rule 40(a), Ala. R.App. P., titled "Who May File," only "[a] party who has not prevailed may apply for a rehearing by filing an application for rehearing." (Emphasis added.) Thus, under the literal application of our rules, there is a rationale for denying this petition, i.e., if only a party can file for rehearing, only a party can petition for certiorari review. I dissent because I believe that the guardian ad litem, appointed by the court to represent the interests of the minor child, stands "in loco parentis" (as the parent), protecting the interests of the child under the circumstances of this case, and should have the implicit authority under our rules to pursue any appellate remedies that might be available to the child. *Page 1270 
See, a e.g., Smith v. Smith, 922 So.2d 94
(Ala. 2005).
I note further that the 70-page one-judge opinion[1] issued by the Alabama Court of Civil Appeals in this case shows a profound disagreement over the legal concepts and processes involved in the judicial determination of whether this emotionally and psychologically disturbed child is dependent. Moreover, the opinion and dissent of the Alabama Court of Civil Appeals also evince a profound disagreement over the proper view of the evidence in this case. It is long-settled law in this State that, "[u]nder the ore tenus standard of review, we defer to the juvenile court's resolution of the disputed facts and to the juvenile court's determination of the children's best interests." R.T.B. v. Calhoun County Dep't of HumanRes., 19 So.3d 198, 207 (Ala.Civ.App. 2009). See alsoT.H. v. Jefferson County Dep't of Human Res., [Ms. 2090264, Sept. 24, 2010] 70 So.3d 1236 (Ala.Civ.App. 2010);J.B. v. Cleburne County Dep't of Human Res.,992 So.2d 34 (Ala.Civ.App. 2008). This deference to the trial court, here the juvenile court, is based on that court's unique opportunity to observe the witnesses and their demeanor, among other things. Ex parte Pielach, 681 So.2d 154 (Ala. 1996);T.O.B. v. C.J. B., 986 So.2d 433 (Ala.Civ.App. 2007). In short, the resolution of this legally and factually complex case involves the well being of a child. The well being of children is of critical concern to the courts of this State as evidenced by a separate body of rules — the Alabama Rules of Juvenile Procedure — implemented to promote the prompt and effective disposition of cases involving children.
The legal and factual complexities of this case, coupled with the fact that the one-judge opinion by the Court of Civil Appeals reverses the determination of the juvenile court, make this exactly the sort of case that this Court should consider on review by a petition for the writ of certiorari. I respectfully dissent from denying the petition, and I call upon the respective rules committees of this State to suggest such changes to the Alabama Rules of Appellate Procedure as might be necessary to prevent a similar outcome in the future.
BOLIN, J., concurs.
[1] The opinion was authored by Judge Moore. Presiding Judge Thompson and Judge Bryan concurred in the result; Judge Thomas and Judge Pittman dissented.